## Commonwealth *v.* Hillside Cemetery Company, Appellant.

*Taxation —Cemetery companies—Corporation —Capital stock—Real estate—Act of June* 8, 1891.

Under the act of June 8, 1891, P. L. 238, a cemetery company is liable for a state tax upon its capital stock, although the value of such stock is made up of real estate upon which the company has already paid county and other local taxes.

Argued June 3, 1895. Appeal No. 20, May Term, 1895, by defendant, from judgment of C. P. Dauphin Co., June Term, 1894, No. 436, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from tax settlement. Before SIMONTON, P. J.

At the trial it appeared that the Hillside Cemetery Company was assessed with a state tax of five mills upon its capital stock. The defendant objected to the payment of the tax upon the ground that its entire capital stock was represented by real estate upon which local taxes had been paid.

The court charged as follows:

" This case is an appeal by the Hillside Cemetery Company from a settlement made against it by the auditor general and state treasurer for tax on capital stock for the year 1893, and the settlement as filed in the auditor general's office, which is brought into this court by the appeal, shows the amount of the tax charged against the defendant and the date when the settlement was made ; and according to law, where such settlement is made and an appeal is entered and it is found that the defendant is liable, interest begins to run from sixty days after date of the settlement.

" [The defendant claims in this case that it is not liable, for the reason that the property which goes to make up the value of its capital stock is real estate ; and it is shown by the evidence in the case that it has paid the county and other local taxes which were assessed upon its real estate for the same year 1893, and it claims that, having already paid a tax upon its

real estate, and the value of its capital stock being made up of the value of the real estate, it would therefore be double taxation if it should be held liable to this tax on capital stock for the same year.

" We instruct you, however, that the fact that it has paid the local taxes on its real estate does not under the facts of this case exempt it from the tax on capital stock. The local taxes are county and other municipal taxes; the tax charged in this settlement is a state tax; and, although it be the fact that the value of its capital stock is made up of the value of the real estate, saving and excepting whatever value there may be in its franchise, yet we instruct you that it would not be such double taxation as is obnoxious to the principles of law on that subject, or to any act of assembly, and therefore we instruct you that the plaintiff is entitled to a verdict in this case, the commonwealth, for the amount of the settlement with interest from sixty days after date of the settlement, and five (5) per cent attorney general's commission.] " [1]

Verdict and judgment for plaintiff for $354.62. Defendant appealed.

*Error assigned* was portion of charge as above, quoting it.

*Thomas B. Taylor, Robert H. Hinckley* with him, for appellant.—All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax. Const. Penna. art. IX, sec. 1. Tax laws should be construed strictly against the state. If the meaning is doubtful, taxpayers should have the benefit of the doubt: Eastburne's Appeal, 2 Chester County Rep. 241; Com. v. Frank, 2 Chester County Rep. 244.

Prior to the year 1886, both real estate and personalty were alike taxable for both state and county purposes. The legislation as to the subject is as follows: Act of 29th April, 1844, P. L. 497, secs. 32, 33; act of 22d April, 1846, P. L. 486; act of 18th May, 1857, P. L. 571; act of 12th April, 1859, P. L. 529.

Next comes the act of 23d February, 1866, P. L. 82, entitled an act to amend the revenue laws of the commonwealth. By section 4 it is enacted that " from and after the passage of this

act the real estate of this commonwealth shall be exempt from taxation for state purposes," excepting only as to taxes then due.

The next general revenue law of May 1, 1868, P. L. 108, omits all reference to real estate as a class of property taxable for state purposes, and by section 16 expressly repeals all of the legislation heretofore referred to, notably excepting the fourth section of the act of 1866. The act of 1866 has never been repealed by direct words, nor can it be shown that by any subsequent act there is such inconsistency as would cause its repeal by implication.

In the act of 8th April, 1873, P. L. 64, " To repeal all laws exempting real estate from taxation," the act of 1866 is referred to in the first proviso as follows: " Provided, that nothing in this act contained shall be construed as repealing the fourth section of the act, entitled, ' An act to amend the revenue laws of this commonwealth, approved February 23, 1866.' "

By the act of 1866 a new order of things was inaugurated by the consequent withdrawal of real estate from the class of subjects of taxation for state purposes, and this has been adhered to in all subsequent revenue laws of the commonwealth, leaving for her needs personalty and its derivatives.

The act of June 8, 1891, P. L. 231, does not profess to tax real estate in any way for state purposes, but its enumeration of the subjects of taxation in section 1 includes only "personal property of the classes hereinafter enumerated, owned, held or possessed by any person . . . . or corporation whatsoever, viz., mortgages, money owing, etc., . . . . articles of agreement and accounts bearing interest, public loans, . . . . corporate loans and shares, moneys invested in other states, . . . . and all other moneyed capital in the hands of individual citizens of the state." The term " moneyed capital" is the keynote of the whole enumeration, and moneyed capital excludes real estate.

Real estate is thus left as a class of taxable property reserved exclusively for local taxation : Merc. Nat'l Bank v. N. Y., 121 U. S. 138 ; Hepburn v. School Directors, 23 Wall, 480.

A tax upon the capital stock of a corporation is a tax upon the property and assets of that corporation : Com. v. Standard Oil Co., 101 Pa. 145. It is a tax upon its real estate : Lackawanna v. Bank of Scranton, 94 Pa. 221.

And if any portion of that property, or the assets which enter

into the value of the capital stock, are not properly subjects of taxation for state purposes, or exempt therefrom, their value must be deducted from the valuation of the capital stock. The value of United States bonds must be so deducted, Com. v. Penna. Coal Co., 5 Pa. C. C. R. 90 (1884) ; so as to bonds and mortgages already taxed, Fidelity Co. v. Loughlin, 139 Pa. 612 (1891) ; and that invested in manufacturing business and patent rights, Com. v. Westinghouse A. B. Co., 151 Pa. 276 (1892) ; and shares of stock of a corporation already taxed on its capital stock, Com. v. Fall Brook Coal Co., 156 Pa. 488 (1894) ; 25 Am. & Eng. Ency. of Law, subject " Taxation (Corporate) " p. 628, note 2 ; County of Santa Clara v. Southern Pac. R. Co., 9 Sawy. (U. S.) 200 ; Railway Co. v. Boone Co., 44 Ill. 240 ; State of Maryland v. Railroad Co., 40 Md. 22.

*John P. Elkin*, deputy attorney general, and *Henry C. Mc-Cormick*, attorney general, for appellee, were not heard, but cited in their printed brief, on the question of double taxation : Pittsburg, etc., R. R. v. Com., 66 Pa. 77 ; West Chester Gas Co. v. County of Chester, 30 Pa. 232 ; Ebervale Coal Co. v. Com., 91 Pa. 47 ; Lackawanna Coal and Iron Co. v. Luzerne Co., 42 Pa. 425 ; Carbon Iron Co. v. Carbon County, 39 Pa. 251 ; P. R. R. Co. v. Pittsburg, 104 Pa. 522.

PER CURIAM, July 18, 1895 :

Notwithstanding the able and ingenious argument of learned counsel for appellant, we are not convinced that there is any error in that part of the learned trial judge's charge recited in the assignment of error. On the contrary, we are all satisfied that his construction of the act, under which the tax in question was imposed, is strictly correct. There is nothing in the question involved that requires discussion.

Judgment affirmed.