PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* CENTRAL Los CAÑOS, Defendant and Appellant.

No. 3762. Argued December 7, 1925.—Decided February 5, 1926.

*Jaime Sifre, Jr.,* and *Horacio Franceschi* for the appellant. *George C. Butte, Attorney General, J. A. López Acosta* and *C. Llauger Díaz* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

On June 24, 1924, The People of Porto Rico brought an action against Central Los Caños, a domestic corporation organized in accordance with our laws and engaged in the business of manufacturing sugar, to recover, under Act No. 1 of August 27, 1923, taxes amounting to $3,408.24 on 85,206 quintals of sugar manufactured in its factory from January 12, 1924, to April 30, 1924, at the rate of 4 cents per quintal.

The defendant admitted the allegations of the plaintiff, but denied that it had a legal obligation to pay the taxes sued for or any other taxes under the said act. Therefore, the issue between the parties was only a question of law and the trial court decided it against the defendant, adjudging that it should pay the amount claimed.

The defendant appealed from that judgment and the appeal was heard in this court on December 7, 1925, but the additional briefs allowed by the court were not filed by the parties until the 14th of that month.

The grounds alleged for reversal of the judgment rendered in this case are as follows:

"I. That the court erred in not holding that the tax imposed by subdivision 14 of section 20 of the Excise Tax Law of 1923 is unconstitutional, because it is a property tax and is not uniform as required by our Organic Act, inasmuch as it is a special tax on sugar and leaves other property free and exempt from the said tax.

"II. That the court erred in not declaring void and unconstitutional the tax imposed by subdivision 14 of section 20 of the said Excise Tax Law, because it is discriminative and is imposed on the factory although the sugar cane from which the sugar is manufactured may belong to planters who are free from this tax.

"III. That the court erred in not holding that in accordance with the said Excise Tax Law sugar manufactured for export and actually exported may be manufactured free from the tax imposed by said subdivision 14 of section 20 of the law.

"IV. That the court erred in not adjudging null and void the tax imposed by subdivision 14 of section 20 of the Excise Tax Law if it is considered as an excise tax, inasmuch as the defendant had already paid to the municipality of Arecibo a tax for engaging in the same industry to which the tax imposed by said subdivision 14 refers."

These assignments of error may be summarized as follows: (1) That the tax is a property tax and is not uniform; (2) that it is not imposed on all owners of sugar—a discrimination; (3) that it is imposed on an article manufactured for export and actually exported; (4) that it is a double tax.

Our Legislature enacted in subsection 14 of section 20 of

Act No. 68 of July 28, 1923, the following: ''That there shall be levied, collected and paid, for one time only, as an internal-revenue tax on each of the following articles: * * * 14.—*Sugar.*—On every hundredweight of sugar produced, manufactured or consumed in Porto Rico, a tax of four (4) cents; *Provided,* That said tax shall be required and collected by the Treasurer at the same factories where the sugar is produced or manufactured and before it is placed on the market.''

A month later, or on August 27, 1923, the Legislature, in a special session, amended said subsection 14 to read as follows: ''Every factory producing or manufacturing sugar in Porto Rico shall be assessed a manufacturing charge of four (4) cents on each hundredweight of sugar manufactured or produced; *Provided,* That said tax shall be required and collected by the Treasury at the factories themselves where the sugar is produced or manufactured and before it is placed on the market.'' This amendment took effect on the said date of its approval.

Notwithstanding the fact that the said amendment of August 27, 1923, takes the place of the amended subsection and, to all intents and purposes, forms a part of the act as if the amendment had been there from the beginning, as said by the Supreme Court of the United States in the case of *Blair* v. *City of Chicago,* 201 U. S. 400, and notwithstanding the fact also that it is sought to collect the tax on sugar manufactured after the amendment of August 27, 1923, went into effect, yet the first ground of appeal is not that the tax imposed by the amendment is unlawful, but that the tax imposed by the amended Act of July 28, 1923, is unlawful because it is imposed on the ownership of the sugar and for that reason should be uniform.

Whether before being amended subsection 14 imposed a tax on property is a question that need not be decided now, because the action is not based on it, but on the act which

amended it. The question now is whether the tax imposed by the amendment of August, 1923, is a property tax or an excise tax.

The said amendment does not impose a tax on commodities and does not provide for its collection from the owners of sugar, but imposes the tax on the factories for their industry of transforming sugar cane into sugar, and as it is imposed on this business of manufacturing, it is clearly an excise tax and is lawful, because it is imposed on all factories that manufacture sugar and our Legislature has the power to impose excise taxes, a fact which the appellant does not deny.

Considering the clear language of the amendment showing the intention of the Legislature, the fact that the general part of section 20 providing that "there shall be levied, collected and paid, for one time only, as an internal-revenue tax on each of the following articles," was not amended does not preclude the conclusion that the tax is an excise tax and not a property tax.

The second ground of appeal is also untenable, for, the tax being an excise tax on the business or industry of manufacturing sugar, those who engage in it are those who have to pay the tax, although the sugar cane from which the sugar is manufactured may belong to other persons. The tax is imposed on the factories for their industry of converting sugar cane into sugar, and the cane delivered by the planters to the factory is not ground by them but by the factory engaged in that business.

The third ground of appeal, as we have said, is based on the proposition that as the sugar was manufactured for export it should not pay the excise tax. It is argued in this connection that inasmuch as sections 43 and 51 of the Act of July, 1923, *supra,* provide that articles subject to taxation in accordance with the act shall be exempt from taxation when exported from Porto Rico and that any article

taxable thereunder may be removed from the factory without paying the tax thereon when such article leaves said factory to be stored in a bonded warehouse, and that it may be withdrawn from such bonded warehouse for consumption in Porto Rico upon payment of the proper tax, or for export free of taxation; that inasmuch as the said two sections were not amended by the Act of August 27th, and that sugar is manufactured in Porto Rico almost entirely for export to the United States, the court should have held the sugar manufactured by the defendant exempt from the payment of the tax because it was intended for export and was actually exported to the United States.

If the law had remained as it was drafted in July, 1923, perhaps it would be necessary to admit that the appellant is right, but the amendment removed all doubt and as it imposes the excise tax on the industry or business of manufacturing sugar from cane, it is of little importance whether the sugar manufactured by the factories is to be exported, for the tax is not imposed on the article but on the industry; therefore, sections 43 and 51, *supra*, which may apply to the articles included in section 20, have no applicability now to the excise tax imposed on the manufacture of sugar.

■ Notwithstanding the fact that said subsection 14 as amended clearly imposes an excise tax on the manufacture of sugar and that, according to section 13 of the Civil Code, when a law is clear and free from all ambiguity the letter of the same shall not be disregarded under the pretext of fulfilling the spirit thereof, the appellant insists in its additional brief that it should be construed as imposing a property tax and that the tax is not an excise tax because amended section 14 is included in section 20 of the Act, the preamble of which provides that there shall be levied, collected and paid a tax on the articles therein enumerated; that this does not mean that all taxes specified in section 20 are necessarily property taxes, for this depends upon whether they have

been imposed on the commodities or on their manufacture. Thus we find that a tax is imposed on the manufacture of alcohol, on affidavits and on horse races, which can not be property taxes, and that it is imposed on motor vehicles, automobiles, etc., manufactured in Porto Rico, a tax that was held to be an excise tax in the case of *West India Oil Co.* v. *Gallardo,* 6 Federal (2nd) 523. Consequently, the mere fact that the preamble of section 20 provides that the tax shall be levied on the articles detailed therein is not sufficient cause, when the tax is an excise tax on an industry and not a property tax, for holding that sections 43 and 51 must apply to all of the subdivisions of section 20, but it must be applied only to those levying a tax on commodities.

The appellant contends also that if the amendment to subsection 14 changed the nature of the tax from a property tax to an excise tax on the industry, then the amendment is not valid because it is contrary to our Organic Act, inasmuch as in accordance therewith the Legislature in special session can not consider other matters than those specified in the Governor's call and the Governor convened the Legislature for the purpose of correcting mistakes or discrepancies and harmonizing certain provisions of the excise and income tax laws so that, as far as possible, they should be made to operate uniformly and without conflict, but not for levying additional taxes; and also that if the amendment has the extent which the appellee attributes to it, then it created a tax on sugar factories which did not exist. This question was not assigned as error and, therefore, we might pass it unnoticed, yet we shall express our opinion on the matter.

Our present Organic Act provides that the Legislature shall consider no legislation at its special sessions other than that specified in the call, and as it was convoked, among other things, to correct mistakes in the excise tax law enacted the month before, the Legislature had power to correct the

mistake made in July in framing the act in such a manner that it could be construed as imposing on a commodity a tax which few owners of sugar would pay, inasmuch as almost all sugar is exported and section 43, *supra,* had exempted from the payment of the tax sugar exported from Porto Rico, when the evident purpose had been to impose a tax on the business of manufacturing sugar at the rate of 4 cents per hundredweight of sugar manufactured in order to assist effectively in paying the expenses of the Government. It can not be considered that, while many articles included in section 20 were taxed, sugar, which is the principal and almost the only source of wealth in this Island, should be exempt from taxation.

There remains to be considered the last ground of appeal, which is to the effect that if the tax is an excise tax it should be declared unlawful because the appellant had paid to the municipality of Arecibo a tax for engaging in that industry, as alleged as a defense in the answer in stating the reasons why the defendant was not bound to pay the amount sued for. In support of this assignment of error the appellant alleges that as it had paid to the municipality of Arecibo a license tax for the manufacture of sugar, imposed in accordance with the License Tax Act of 1914 which empowered the municipalities to levy such taxes, and the Legislature having delegated to them its power to issue such licenses, it can not impose a similar tax on the said industry, citing only the case of *Successors of Fantauzzi* v. *Municipality of Arroyo,* 295 Fed. 808.

The case cited is not applicable to the instant case, as it did not hold that when a municipality has levied and collected a license tax on the industry of manufacturing sugar the Legislature, for that reason, can not impose a similar tax because it had delegated that power to the municipalities; but held that a municipality, having levied a license tax on that industry, can not impose another tax for carrying on

the different parts or functions in which the whole or main thing already taxed may be divided, although it was held that if the municipality, in a previous imposition of taxes, had not reached the maximum provided for by law and an emergency should arise requiring the levy of a larger tax, it could impose an additional tax not to exceed the maximum authorized by law.

By subdivision (*f*) of section 49 of Act No. 9 of 1920 the Legislature empowered the municipalities to levy excise taxes, provided that the object or matter of taxation is not also the object or matter of any federal or insular tax; and the fact that the Legislature authorized the municipalities to levy that tax did not deprive it of its right to do likewise. In Cooley on Taxation, volume 4, par. 1705, it is said: ''Taxes upon manufactures are generally excise taxes. For a time, during the civil war, nearly all manufactures were taxed by the federal government, but only a few kinds are now taxed, either by the nation or by the states. Any or all may be taxed by both.'' Nor does the imposition of the tax by the Legislature, which can be considered as an additional tax, create a double tax, for one of the elements of a double tax is that it be levied by the same state or government, and in volume 1 of the work cited, pp. 475 and 476, the following note is found: ''4. There is no obnoxious double taxation where one tax is a state tax and the other is a county or municipal tax. *Com.* v. *Hillside Cemetery Co.*, 170 Pa. St. 227, 228, 32 Atl. 404.'' And in the case of *People* v. *Garzot*, 24 P.R.R. 215, this court said, citing Cooley, that the authorities are clear that the mere fact that taxation is double would not affect its validity, unless it operates unequally on the same class or classes of the community, and that the question of whether there should be double taxation or not is generally a matter within the discretion of the Legislature itself.

For the foregoing reasons the judgment appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.