Mayagüez Light, Power & Ice Company, Inc., Plaintiff and Appellee, v. Enrique O. Green and Juan Rullán, Defendants and Appellants.

No. 3928. Argued June 22, 1926.—Decided February 25, 1927.

*Angel A. Vázquez* for the appellants. *José Tous Soto* for the appellee.

Mr. Chief Justice del Toro delivered the opinion of the court.

The Mayagüez Light, Power & Ice Company, a Porto Rican corporation with its main office in Mayagüez, engaged, among other activities, in the manufacture and sale of ice at wholesale and retail, filed a petition for an injunction in the district court against Enrique O. Green and Juan Rullán, as treasurer and mayor respectively of Mayagüez, and prayed that the said officials be enjoined from collecting a certain tax imposed on it by a municipal ordinance.

Defendants demurred and answered. There was a hearing where both parties introduced their evidence and the court finally rendered judgment against the defendants, who appealed therefrom and assigned in their brief five errors committed by the court; (1) in overruling the demurrer for misjoinder of parties defendant, (2) in overruling the demurrer for ambiguity, (3) in overruling the demurrer for lack of facts to show a cause of action, (4) in sustaining the complaint on the evidence introduced, and (5) in the imposition of costs.

The decision of this case hinges on the nullity in itself, or its application to the plaintiff, of the ordinance of the Municipality of Mayagüez approved February 1, 1926, imposing an excise tax of five cents on each hundredweight of ice sold within the municipality.

We shall consider the third and fourth assignments together in order to ascertain whether or not the pleadings and the evidence, examined in the light of the law and the jurisprudence, show the nullity of the ordinance.

It seems proper to begin by transcribing the following from the opinion of the district court in support of the judgment appealed from. It reads as follows:

"Plaintiff attacks the validity of said ordinance on various grounds and among others that the tax imposed by that ordinance is not uniform; that it imposes a double tax; that it has been approved by the municipal assembly of Mayagüez without any author-

ity whatever therefor and against the law, and that the amount of the tax is confiscatory. It is alleged in the complaint and admitted in the answer that plaintiff pays to the municipality of Mayagüez a tax on the gross sales of its ice business, in accordance with Act No. 26 of the Legislature of Porto Rico, approved March 28, 1914, which includes the same in group 'A' of section 2 thereof. Said Act provides that the tax established thereby and called an excise tax shall be paid on the basis of the volume of business, meaning thereby the gross receipts in any municipality of the business or industry independent of its profits, to be determined by the amount of the sales in the case of stores, firms or other industries. The ordinance approved by the municipal assembly of Mayagüez levies an excise or municipal tax of five cents for each hundredweight of ice sold in the city or municipality of Mayagüez. The regulations issued by the treasurer and approved by the mayor in compliance with the ordinance impose the obligation on anybody selling ice to the public in the city of Mayagüez to file on the last day of each month a sworn statement of the exact number of hundredweights of ice sold during said month. From the foregoing it is clearly seen that the so-called excise tax law and the municipal ordinance of Mayagüez levy a tax on the same object, on the same matter, and therefore they establish a double impost. Besides the businesses or industries included in any of the groups enumerated in the excise tax law of 1914 cannot be subjected to another municipal tax nor can be subjected thereto any of the essential elements constituting said businesses or industries. *Successors of Fantauzzi* v. *Municipal Assembly of Arroyo*, 295 U.S. Fed. R. 803. The only legal provision that might authorize the municipal assembly of Mayagüez to levy the tax mentioned by such ordinance is subdivision (F) of section 43 of the Municipal Act (Page 727, Laws of 1925), where it is provided that municipal revenue shall consist of any impost, excise or tax levied by the municipal assembly provided the object or matter of the tax, excise or impost has not been the object or matter of any federal or insular impost, excise or tax. But in the case of Fantauzzi, *supra*, the Circuit Court of Appeals, First Circuit, decided that the power granted to the municipalities to levy taxes referred to businesses or industries which had not been included in the excise tax law of 1914, and now we add, following the clear letter and the spirit of said legal provision, that said legislative authority cannot be exercised where the object or matter of a municipal tax, excise or impost has been the object of some federal or insular impost, excise or tax. In the present case the

matter or object of impost created by the opposed ordinance of the municipal assembly of Mayagüez is the sale of ice. But this very matter has been the subject of the Internal Revenue Act of the Legislatur of Porto Rico, approved under No. 85 in the last session of the Legislature in 1925, whose section 6 assesses a tax of 2% on the amount of the daily sales of any article or object of commerce not specified in section 16 of said law, or exempt from taxation as provided therein. Ice is not specified in section 16, but in the exceptions which appear in section 83, the sale of food stuffs was declared exempt from said tax. If ice is not food stuff, then it is included in the Sales Tax Law of the Legislature and cannot be the matter or object of any municipal tax. And if ice is a food stuff it has been expressly exempted from any tax on its sale by the same Act of the Legislature and cannot be taxed in violation of said provision by a municipal assembly whose authority derives from the insular legislative power and whose ordinances and decrees cannot conflict with acts of the Legislature.''

What did the evidence show? Only two witnesses testified: Rodolfo Vera for the plaintiff and Enrique O. Green for the defendants. The former said that the plaintiff was engaged in the manufacture and sale of ice at wholesale and retail; that the plaintiff is the only concern engaged in that business in Mayagüez, and that the tax of five cents per hundredweight represents, at the price of the sale of ice, seven percent on the gross sales thereof. And Green testified that he receives as municipal treasurer the statements on the gross sales of businesses; that he received that from the plaintiff on the generation of electric light and the manufacture of ice, but not on the sales of ice. On cross-examination: ''But should they not be included together according to law? Today they are not included together; they are kept apart in the municipal excise tax book kept by me, because there is an excise tax on ice singly, another on electric light and another on the sale of electric fixtures.'' Cross-examined again: ''Have you also data in your office on the gross receipts of each one of the businesses engaged in by the Mayagüez Light and Ice Co.? Yes, sir; for example, I have for

this year electricity with one hundred and nineteen thousand dollars, gross receipts one hundred and nineteen thousand dollars, and the gross receipts of the ice business with sixty thousand dollars.'' And the witness answered that for each business plaintiff had and paid for a different tax license.

From the opinion which we have formed of the case it is not necessary to consider all the grounds on which the district court based its judgment to decide whether or not they are well founded. We think that the judgment could clearly be sustained on the last one, namely, that when the Legislature, by virtue of Act No. 85 of 1925 regarding sales tax, had covered the field which was invaded by the municipal assembly by its ordinance of February 1, 1926, the action of the latter could not prevail.

Section 62 of said Act No. 85 of 1925 says:

''There shall be levied and collected on the sale of any articles the object of commerce, not specified in section 16 of this Act or exempted from taxation as provided in said section, a tax of two (2) per cent on the price or value of the daily sales of such articles, whether such sales are for cash or on credit, which tax shall be paid at the end of each month by the person making such sales.''

It is admitted that the sale of ice is not exempt and as it is not specified either in section 16, we have necessarily to conclude that it is taxed by the insular law.

The law and the ordinance, therefore, impose a tax on the same matter. Can both taxes subsist? And if they can not, which of them shall prevail?

To show that both taxes can subsist appellants cite the decision of this court in the case of *People* v. *Central Los Caños*, 35 P.R.R. 27.

In that case this court said:

''By subdivision (f) of section 49 of Act No. 9 of 1920 the Legislature empowered the municipalities to levy excise taxes, provided that the object or matter of taxation is not also the object or matter of any federal or insular tax; and the fact that the Legislature authorized the municipalities to levy that tax

did not deprive it of its right to do likewise. In Cooley on Taxation, volume 4, par. 1705, it is said: 'Taxes upon manufactures are generally excise taxes. For a time during the civil war, nearly all manufactures were taxed by the federal government, but only a few kinds are now taxed, either by the nation or by the states. Any or all may be taxed by both.' Nor does the imposition of the tax by the Legislature, which can be considered as an additional tax, create a double tax, for one of the elements of a double tax is that it be levied by the same state or government, and in volume 1 of the work cited, pp. 475 and 476, the following note is found: '4. There is no obnoxious double taxation where one tax is a state tax and the other is a county or municipal tax. *Com.* v. *Hillside Cemetery Co.,* 170 Pa. St. 227, 228, 32 Atl. 404.' And in the case of *People* v. *Garzot,* 24 P.R.R. 215, this court said, citing Cooley,'that the authorities are clear that the mere fact that taxation is double, would not affect its validity, unless it operates unequally on the same class or classes of the community, and that the question of whether there should be double taxation or not is generally a matter within the discretion of the Legislature itself.''

As may be seen, the decision of this court in itself is only authority to sustain the tax imposed by the Legislature. The citations therein contained are not applicable, considering the wording of the Porto Rican laws and the construction given them by the Circuit Court of Appeals for the First Circuit as well as by the Federal Supreme Court in the cases of *Successors of Fantauzzi* v. *Municipal Assembly of Arroyo,* 295 Fed. 803, and *Cami* v. *Central Victoria,* 268 U.S. 468.

The other grounds of the demurrer do not require a careful examination. We shall consider only the question of costs. We think that the appellants are right. Appellee in its brief says:

"The court below has strictly adhered to the law and to the jurisprudence. In our opinion it has justly exercised its discretion."

On the contrary, we think that the reasons alleged by the appellants are weighty, as follows:

"It is true that defendants opposed the complaint and went to trial, but we must not overlook the fact that they were made defend-

ants in their official capacity as municipal treasurer and mayor, respectively, of the municipality of Mayagüez, enjoining them from the execution of an ordinance approved by the municipal assembly.

"They could neither acquiesce in nor fail to answer the complaint, section 29 of the Municipal Act in force, because they had not the consent of the municipal assembly to that effect.

"And this being so, it cannot be concluded that there was temerity on their part in the premises, for which reason the imposition of costs is, in our opinion, rather a harsh measure on the part of the trial court."

In our opinion this was not a proper case for the imposition of costs; therefore the judgment appealed from must be reversed as to the imposition of costs against defendants and affirmed in all other pronouncements.