### SUCCESSORS OF C. & J. FANTANZZI v. MUNICIPAL ASSEMBLY OF ARROYO, PORTO RICO.

(Circuit Court of Appeals, First Circuit.    February 5, 1924.)

No. 1617.

I. Courts ⬳405(3)—Federal question not necessary to give jurisdiction of appeal from Supreme Court of Porto Rico.

Under Organic Act Porto Rico 1917, § 43 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3803rr), providing that writs of error and appeals may be taken from the final judgments and decrees of the Supreme Court of Porto Rico to the Circuit Court of Appeals of the First Circuit, it is not necessary that a federal question be involved to give jurisdiction to the appellate court.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Courts ⬰406(1)—Decisions of Supreme Court of Porto Rico on questions of local law reviewable.**

A decision of the Supreme Court of Porto Rico on a question of local law is entitled to great weight, but is not conclusive, and is reviewable, especially where it is based on a consideration of the general law.

**3. Taxation ⬰28—Municipalities of Porto Rico may be given power by Legislature to levy taxes for local purposes.**

Under Organic Act Porto Rico 1917, § 37 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3803oo), the Legislature has power to delegate authority to municipalities to levy taxes to meet their municipal expenses.

**4. Licenses ⬰7(8)—Where occupation tax is imposed on a business, its elements cannot be separately taxed.**

By Acts Porto Rico 1914, No. 26, continued in force, and Acts 1919, No. 85, amended in 1920 (Acts 1920, No. 9), municipal councils are authorized to levy excise or license taxes on occupations, inter alia, on the business of sugar and molasses mills, based on the volume of business done the preceding year, and also "any other impost, excise or tax that may be levied by two-thirds of the municipal assembly. * * *" Held, that the latter provision did not authorize a municipality, in addition to the tax imposed on the owner for conducting the business of a sugar mill to levy a tax on the business of making sugar, measured by the amount and value of the product, which was an element of the business previously taxed.

Appeal from the Supreme Court of Porto Rico.

Suit in equity by the Successors of C. & J. Fantanzzi against the Municipal Assembly of Arroyo, Porto Rico. From the decree of the Supreme Court of Porto Rico, complainants' appeal. Reversed and remanded.

O. B. Frazer, of San Juan, Porto Rico, for appellants.

Joseph H. Beale, of Cambridge, Mass (Herrick, Smith, Donald & Farley, of Boston, Mass., on the brief), amicus curiæ.

E. B. Wilcox, of San Juan, Porto Rico (C. Dominguez Rubio, of Guayama, Porto Rico, on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. The facts which require consideration in this case are in substance as follows: Section 3 of the Organic Act of Porto Rico, known as the Jones Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3803aaa), is as follows:

"That no export duties shall be levied or collected on exports from Porto Rico, but taxes and assessments on property, internal revenue, and license fees, and royalties for franchises, privileges, and concessions may be imposed for the purposes of the insular and municipal governments, respectively, as may be provided and defined by the Legislature of Porto Rico."

Section 37 of the act (section 3803oo) provides that the—

"legislative authority herein provided shall extend to all matters of a legislative character not locally inapplicable, including power to create, consolidate, and reorganize the municipalities so far as may be necessary, and to provide and repeal laws and ordinances therefor."

The Porto Rican Legislature in 1914, by virtue of the provisions of the Organic Act, then in force, known as the Foraker Act, enacted

⬰For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a law authorizing the municipalities of Porto Rico to levy and collect excise or occupation taxes. Acts 1914, No. 26. The pertinent sections of said act are as follows:

"Section 1. That the municipal councils of all of the municipalities of the island of Porto Rico are hereby authorized to levy and collect * * * the taxes hereinafter enumerated at the rates herein prescribed, or at such uniform percentage of said rates as the said municipal councils may prescribe: * * * Provided, that if any municipality shall levy said taxes at less than the full rates herein prescribed, for any business or industry subject to taxation in accordance with this act, a proportional reduction from said full rates shall be made for all businesses or industries within the said municipality. * * *

"Sec. 2. That the businesses or industries upon which the taxes herein provided may be levied shall be the following: * * * Group C. The businesses of sugar and molasses mills, brokers, commission merchants, agents with permanent offices and real estate agents."

"Sec. 3. This section contains a provision in substance that the taxes payable to the treasurers of municipalities in which the businesses or industries are situated are to be paid quarterly in advance on the basis of the volume of business transacted during the calendar year immediately preceding and at the following rates; and the rates of taxation for group C are made as follows:

"For each $1,000 or fraction thereof in excess of the first $500 of volume of business transacted, up to $1,000,000, inclusive, $0.25 a year.

"For each 1,000 or fraction thereof in excess of the first $1,000,000 of volume of business transacted, $0.125 a year."

The Porto Rican Legislature, by an act passed in 1919, and amended in 1920 (Acts 1920, No. 9), entitled "An act establishing a system of local government and reorganizing municipal services," provided in section 26 that the municipal assembly shall have sole authority—

"(4) To levy taxes and excise taxes of any kind."

Section 49 of the act is in part as follows:

"Sec. 49. That the municipal revenues shall consist of—

"(d) License taxes provided by Act No. 26 of March 28, 1914, entitled 'An act authorizing the municipalitites of the island of Porto Rico to levy and collect annual license taxes to be used in meeting their budgetary expenses, and for other purposes,' which is hereby declared to be in force."

"(f) Any other impost, excise or tax that may be levied by two-thirds of the members of the municipal assembly, provided the object or matter of taxation is not also the object or matter of any federal or insular tax."

The license tax upon the business of conducting a sugar and molasses mill, provided by the act of 1914 and continued in force by the act of 1919 (Acts 1919, No. 85) was imposed upon the appellants by the municipal assembly of Arroyo in Porto Rico in 1921; and upon March 9, 1921, the assembly of that municipality passed the following ordinance:

"Section 1. On and after the date on which this ordinance takes effect and during the remainder of the present sugar season of 1921 and subsequent seasons, a special tax of $0.06 on each quintal of sugar or fraction thereof is hereby levied and shall be collected by the municipal treasurer on all sugar manufactured in any factory within the municipality, provided that the said tax shall be invariable while the market price of sugar does not exceed $5.00 a quintal; but for each dollar or fraction of a dollar of increase above $5.00 in the price of a quintal of sugar, the said treasurer shall collect $0.01¼ additional."

[1] The levy of the tax under this ordinance is the subject of this appeal. This tax has been sustained by the District Court and the Supreme Court of Porto Rico. It is contended by the appellee that no federal question is raised upon this appeal and that, therefore, this court is without jurisdiction. An analogy is attempted to be drawn from appeals from state courts to the Supreme Court of the United States; but the analogy entirely fails, because the relation of Porto Rico to the United States is not that of a state to the United States; and by the Organic Act of 1917, § 43 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3803rr), writs of error and appeal, in all cases where the requisite amount is involved, from final judgments and decrees of the Supreme Court of Porto Rico may be taken and prosecuted to the Circuit Court of Appeals for the First Circuit.

[2] The appellee further urges that, as the Supreme Court of Porto Rico was dealing with a local law in its construction of a local ordinance enacted by one of the municipalities of Porto Rico and the legislative act by which it was authorized, its decision should be treated as final by this court. We regard the question raised as one to be determined by the general law relative to taxation, and it was so treated by the Supreme Court of Porto Rico. Its final judgment, even in a case involving only local law, is entitled to great weight, but it cannot be said to be conclusive; otherwise, the right of appeal would not have been given and litigants authorized to incur the expense of an appeal and its argument before this court. We pass the question of whether we should consider only the assignments of error before the Supreme Court of Porto Rico or the larger number which have been assigned as the basis of appeal from that court to this, because each includes the questions necessary to a determination of the case. These may be considered under three heads:

(1) Whether under the Organic Act the Porto Rican Legislature was authorized to delegate the power of levying an excise tax to a municipality.

(2) Whether the tax levied was an excise or a property tax.

(3) Whether, under section 49f of the act of 1919, the municipality was authorized to enact the ordinance in question.

[3] By section 37 the Legislature is given—

"power to create, consolidate and reorganize the municipalities, so far as may be necessary, and to provide and repeal laws and ordinances therefor: also the power to alter, amend, modify or repeal any or all laws and ordinances of every character now in force in Porto Rico or municipality or district thereof in so far as such alteration, amendment, modification or repeal may be consistent with the provisions of this act."

The power to create or reorganize a municipality implies the authority to delegate the power of levying taxes for local purposes to meet its municipal expenses and requirements.

Under the very comprehensive act of 1919 the Legislature attempted to establish a system of local self-government somewhat similar to that which prevails in the United States; and in this act, by section 26, provided that the municipal assembly should have sole authority to levy taxes and excises of any kind. So far as these taxes are levied for municipal purposes, we think there was authority in

the Legislature under the Organic Act to delegate such power, it being invested by the Organic Act with the power "to create, consolidate and reorganize municipalities."

[4] In this act the Legislature also determined of what the municipal revenues should consist, and provided that the license taxes authorized by the Act of March 28, 1914, should constitute a part of this revenue, and that the method of levying such taxes and their collection should be continued in force. The Act of March 28, 1914, was entitled "An act authorizing the municipalities of the island of Porto Rico to levy and collect annual taxes to be used in meeting their budgetary expenses and for other purposes," and by it the municipal councils of the municipalities were authorized to levy and collect—

"on and from every person, firm, association, partnership, corporation or other firm whatsoever of commercial or industrial organization engaged in any of the businesses or industries hereinafter mentioned, taxes hereinafter enumerated at the rates herein prescribed or at such uniform percentage of said rates as the said municipal councils may prescribe and the proceeds thereof shall be used in meeting their budgetary expenses."

This was followed by a very extensive and detailed enumeration of the businesses or industries upon which taxes could be levied, arranged by groups, and under one of these groups fall the businesses of sugar and molasses mills.

The act further provided that these license taxes should be paid to the treasurers of the municipality in which such businesses or industries are situated, and that, for the purposes of the act, the volume of business should be understood to be the gross receipts in any municipality, of the business or industry from its business transactions in Porto Rico, its gain or profits not alone to be considered.

The act also contained provisions for determining the volume of business transacted and gave the right of appeal to any court of competent jurisdiction by any taxpayer from the amount fixed by the municipal council as that upon which a tax should be paid.

Under this act, which was continued in force by the act of 1919, as amended in 1920, a license tax was imposed upon the appellants for conducting the business of a sugar and molasses mill within the municipality for the year 1921.

Turning now to the act of 1919, as amended in 1920, the municipality, in addition to this license tax, was authorized by the Legislature to levy as part of its revenue, under section 49f:

"Any *other* impost, excise or tax that may be levied by two-thirds of the members of the municipal assembly, provided the object or matter of taxation is not also the matter of any federal or insular tax."

We think that the license tax imposed in accordance with the act of 1914 was not a federal or insular tax; but, being imposed by the municipality and paid into its treasury, it was a municipal tax. We cannot escape the conclusion, however, that the Legislature intended that any excise tax which should be levied by the municipality should be one other than those upon the businesses and industries enumerated in the act of 1914, so that there should not be double taxation.

The fair inference to be drawn from the inclusion of the power granted under subsection (f) is that it was inserted because the Legislature felt that, although it had made a very detailed and comprehensive enumeration in the act of 1914 of all the businesses and industries which might be subjected to a license tax by the municipality, yet by inadvertence it might have made an omission of some which should pay such a tax, and that power should be granted to the municipality to levy such a tax by a two-thirds vote of the members of its assembly upon any business or occupation not enumerated.

There is no question that the ordinance in question was passed by the requisite vote. Although the appellants paid the license tax assessed under the act of 1914, a property tax might have been levied upon the sugar which it manufactured if the rule of uniformity were not violated. But the tax attempted to be assessed by the ordinance is not a property tax and if it were it could not be sustained, because in violation of the provision of the Organic Act which requires all taxes within Porto Rico to be uniform, and if a larger tax were levied upon sugar than upon other personal property within the municipality, it would be in violation of the rule of uniformity.

The Supreme Court of Porto Rico in its opinion cites no case, except one decided by it, where it has been held that if a license tax has been imposed for the conduct of a business, another tax may be levied for the conduct of a part of one of the necessary elements of this business. The cases which have dealt with this question have been collected in a note to Newport v. Fitzer, 21 L. R. A. (N. S.) 279, where the author makes the following statement on page 280:

"The general rule adhered to by the majority of the cases is that a business upon which a general occupation tax is imposed cannot be divided, and an additional tax be imposed upon some of the constituent elements of the business; but, if the element upon which the additional tax is imposed, is not a necessary or usual part of the general business, the tax will be sustained."

In support of this statement a large number of cases are cited. The question is also discussed in a note to Southern Express Co. v. Rose, 124 Ga. 581, 53 S. E. 185, 5 L. R. A. (N. S.) 619, and earlier cases are cited. See, also, Cooley on Taxation (3d Ed.) vol. 2, p. 1103; Ex parte Sims, 40 Fla. 432, 25 South. 280; Canova v. Williams, 41 Fla. 509, 27 South. 30; Homes Ins. Co. v. Augusta, 50 Ga. 537.

If the municipality had not, in a prior assessment, reached the maximum provided in the act of 1914, and an emergency later arose which required the collection of a larger tax, it might, under the authority of the cases cited in the opinion of the Supreme Court of Porto Rico, lay an additional tax, which would not, with that previously laid, exceed the maximum authorized by the act of the Legislature.

In Patton v. Brady, 148 U. S. 608, 22 Sup. Ct. 493, 46 L. Ed. 713, the court decided that, because an excise tax had been paid upon tobacco, this did not prohibit the imposition of a general tax upon tobacco as property, and that also the excise tax which had been laid might be afterwards increased to meet the exigencies that might arise.

Where, as in this case, a license has been imposed for carrying on the business of a sugar and molasses mill, within the municipality, we

think no additional tax can be imposed upon the business of manufacturing sugar, one of the necessary elements of the general business. The tax attempted to be levied by the ordinance cannot be sustained as a property tax, nor as an excise or occupation tax.

The judgment of the Supreme Court of Porto Rico is reversed, with costs to the appellants in this court, and the case is remanded to that court for further action not inconsistent with this opinion.