CAMI, COMMISSIONER *v.* CENTRAL VICTORIA, LTD.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT.

No. 370. Submitted April 30, 1925.—Decided June 1, 1925.

1. Certiorari will not ordinarily be granted to review decisions of the Circuit Court of Appeals sustaining decisions of the Supreme Court of Porto Rico on local questions; but where the judgment of the Court of Appeals is a reversal, this Court cannot sustain a decision of the Porto Rico court without plausible grounds merely because the question is local. P. 470.

2. Porto Rican Act No. 9, of May 12, 1920, § 49, provides that municipal revenues shall embrace license taxes provided by Act No. 26, of March 28, 1914, " hereby declared to be in force", and "(f) any other . . . tax" that may be levied by two-thirds of the municipal assembly the object or matter of which is not also the object of any federal or insular tax. *Held* that a municipal tax of ten cents per cwt. on sugar manufactured in the municipality is unauthorized, because taxation of the business of sugar mills is

governed, and limits affixed, by the license tax provision in the Act of 1914. P. 471.

295 Fed. 809, affirmed.

CERTIORARI to a judgment of the Circuit Court of Appeals which reversed a judgment of the Supreme Court of Porto Rico refusing to prevent collection of a municipal tax.

Mr. E. B. Wilcox, with whom Mr. Juan B. Soto was on the brief, for petitioner.

Mr. Francis. G. Caffey, with whom Mr. George W. Study was on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit to prevent the collection of a tax imposed by a municipal ordinance of Carolina, Porto Rico, on the ground that the ordinance is void. The Supreme Court of the Island upheld the tax, 30 P. R. 413, but the judgment was reversed by the Circuit Court of Appeals, 295 Fed. 809, following its decision on the same day in Successors of C. & J. Fantauzzi v. Municipal Assembly of Arroyo, 295 Fed. 803. A writ of certiorari was granted by this Court. 265 U. S. 577. Had the Circuit Court of Appeals deferred to the local interpretation of Porto Rican statutes, we should not have granted a writ. We repeatedly have stated the reason for such deference, and we believe that the appellate jurisdiction was granted with other ends in view than that of setting the local courts right in their interpretation of their own laws. But since the case has been decided the other way we cannot avoid dealing with the merits and we should not be warranted in reversing the decision under review unless we thought either that it was wrong or at least that there was such plausible ground for the judgment reversed by it, that the local decision ought not to be disturbed.

The Supreme Court of Porto Rico expressed an intelligible doubt whether a bill for an injunction would lie in this class of cases, but no error was assigned on that ground, and in view of our opinion on the merits there is no sufficient reason for opening that question. When we come to the merits we are compelled to agree with the Circuit Court of Appeals as we understand the reasoning of that Court.

On February 17, 1921, the ordinance complained of was passed, and imposed a tax of ten cents on every hundredweight of sugar manufactured in the municipality. The statutes affecting the power to levy this tax are set out more fully in the principal opinion below. We give only those that immediately determine the result. The Porto Rican Act No. 9 of May 12, 1920, § 49, provides that the municipal revenues shall consist of (d) License taxes provided by Act No. 26, of March 28, 1914, "which is hereby declared to be in force." "(f) Any other impost, excise or tax that may be levied by two thirds of the members of the municipal assembly, provided that the object or matter of taxation is not also the object or matter of any federal or insular tax." The Act of 1914 included in its Group C the business of sugar and molasses mills among those that municipalities were empowered to tax, and proceeded: "The rates of taxation for Group C are made as follows: For each $1,000 or fraction thereof in excess of the first $500 of volume of business transacted, up to $1,000,000 inclusive $0.25 a year," and over that, $0.125. As the Act of 1914 is taken up into that of 1920, it is difficult for us to believe that in one paragraph the latter Act gave power to tax up to a specified maximum and in another a general power limited only by the other principles of taxation. Therefore when in § 49 (f) the later Act allows 'any other impost, excise or tax' we think it must be taken to mean any tax on other objects of taxation not any other tax on those for which a limit already definitely is prescribed.

The petitioner argues that the Circuit Court of Appeals was mistaken in assuming that the maximum allowed by the Act of 1914 had been reached by a previous tax. The assumption is made however only for the purpose of admitting that an additional tax of the kind warranted by the Act of 1914 might be imposed within the limit of the maximum, and as it is not argued that this tax can be sustained as that which is authorized by the Act of 1914 it does not matter whether the limit under that Act had been reached or not. This is a different tax levied under an interpretation of the clause in the Act of 1920 authorizing other taxes, which in our opinion cannot be sustained. We think it unnecessary to add more to what has been said below.

*Decree affirmed.*