FAJARDO DEVELOPMENT COMPANY, Petitioner and Appellant, v. JOSÉ CAMACHO, Public Service Commissioner of Luquillo, and JUAN VÉLEZ, Respondents and Appellees.

No. 3112. Argued February 12, 1924.—Decided April 27, 1926.

Jaime Sifre, Jr., for the appellant. Bolívar Pagán for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant is a corporation organized under the laws of Connecticut and with the principal office in San Juan, and, being duly authorized, operates a passenger and freight rail-

way between Naguabo and Mameyes which traverses the municipalities of Luquillo, Fajardo and Ceiba.

The municipal assembly of Luquillo passed an ordinance whose first section is as follows:

"It is hereby resolved, that any natural or juridical person, who is engaged in or desires to engage in the business of transporting sugar cane by steam or electric railroad, trucks operated by steam or electric power, cars moved by animal power, of this or other municipal district, for industrial or business purposes from July 1, 1921, for the fiscal year 1921–22, and subsequent fiscal years, until otherwise resolved, shall pay a tax of one cent for each ton of the said product transported from this to another municipal district."

The appellant filed a suit for injunction to have the said ordinance declared null and void and prayed for a preliminary injunction to prevent the execution of the ordinance. The parties stipulated as to the facts. No tax was being recovered *pendente lite*.

The District Court of Humacao sustained the ordinance and the opinion was in part based on the decision of this court in *Fantauzzi v. Municipal Assembly of Arroyo*, 30 P.R.R. 309. In that case this court had decided that Act No. 26 of March 28, 1914, did not prevent the municipalities from putting a tax on the articles manufactured in a municipality as distinct from the occupation or license tax authorized by the Act of 1914, inasmuch as the Act of May 12, 1920, authorized the municipalities to lay "any other impost, excise or tax that may be levied by two-thirds of the members of the municipal assembly, provided the object or matter of taxation is not also the object or matter of any Federal or insular tax."

On appeal to the Circuit Court of Appeals for the First Circuit the decision of this court was reversed. *Successors of C. J. Fantauzzi v. Municipal Assembly of Arroyo*, 295 Fed. 803. That court held, as had this court before, that the tax in question was not a property tax and the appellate court said it could not be sustained as such property tax

because it would violate the principle of uniformity. The court cited with approval the statement from a note to *Newport* v. *Fitzer,* 21 L.R.A. (N. S.) 279:

" 'The general rule adhered to by the majority of the cases is that a business upon which a general occupation tax is imposed cannot be divided, and an additional tax be imposed upon some of the constituent elements of the business; but, if the element upon which the additional tax is imposed, is not a necessary or usual part of the general business, the tax will be sustained.' "

It added a number of other cases to support the statement of the note, and then the court said:

"If the municipality had not, in a prior assessment, reached the maximum provided in the act of 1914, and an emergency later arose which required the collection of a larger tax, it might, under the authority of the cases cited in the opinion of the Supreme Court of Porto Rico, lay an additional tax, which would not, with that previously laid, exceed the maximum authorized by the act of the Legislature.

"In Patton v. Brady, 184 U. S. 608, 22 Sup. Ct. 493, 46 L. Ed. 713, the court decided that, because an excise tax had been paid upon tobacco, this did not prohibit the imposition of a general tax upon tobacco as property, and that also the excise tax which had been laid might be afterwards increased to meet the exigencies that might arise.

"Where, as in this case, a license has been imposed for carrying on the business of a sugar and molasses mill, within the municipality, we think no additional tax can be imposed upon the business of manufacturing sugar, one of the necessary elements of the general business.

"The tax attempted to be levied by the ordinance cannot be sustained as a property tax, nor as an excise or occupation tax."

The Supreme Court of the United States, after the issuance of a writ of certiorari, in the parallel case of *Cami, Commissioner,* v. *Central Victoria,* affirmed the judgment of the Circuit Court of Appeals. 268 U. S. 469. After reviewing briefly the statutes and decisions of the lower courts, the following appears in the opinion:

"As the Act of 1914 is taken up into that of 1920, it is difficult for us to believe that in one paragraph the latter Act gave power to tax up to a specified maximum and in another a general power limited

 

only by the other principles to taxation. Therefore when in sec. 49 (*f*) the later Act allow's 'any other impost, excise or tax' we think it must be taken to mean any tax on other objects of taxation not any other tax on those for which a limit already definitely is prescribed."

As the opinion and judgment of the Circuit Court of Appeals are expressly affirmed, it is settled law that the power of a municipality to tax a business or any element thereof is limited to the Act of 1914 and the manner thereof and that other taxes may be imposed on occupations, only if not included in the enumeration of the said Act of 1914; that whether or not the municipality has imposed the license or occupation tax authorized by the Act of 1914 it can impose no other on occupations.

██ The Act of 1914, in paragraph B, specifically mentions railroads. Therefore, the municipality at best could only impose a license tax on the complainant, as permitted by Act No. 26 of March 28, 1914, and the tax sought to be imposed was null and void. Under paragraph A of the said Act all other transportation companies are excluded and the total effect is apparently to prevent the municipality from imposing any tax on transportation, the object of the ordinance.

Not only is this so, but the Act of August 12, 1913, Acts of extraordinary session of that year, p. 99, provided:

"No license provided for herein shall be valid for any municipality other than the one in which issued, except those for transportation companies or vehicle's operating between or through two or more municipalities. In the case of such transportation companies or vehicles operating between or through two or more municipalities, the municipal license procured in the municipality in which is located the headquarters in Porto Rico of the company operating said transportation vehicles, shall be sufficient for the operation of said transportation vehicles in, between or through any other municipalities of Porto Rico without payment of additional license under this law."

This would probably exclude the right of the municipality to impose any license tax on a railroad not totally within its borders, but we need not specifically decide the question as no license tax is involved.

It therefore becomes unnecessary for us to consider the other assignment of error presented by the plaintiff-appellant, namely, whether it is not the Public Service Commission that would have an exclusive right to regulate taxes and rates for a public service corporation.

We have had some doubt whether in this suit we should declare the ordinance null and void or merely restrain the defendant from collecting a tax from the complainant, but on the whole we are satisfied, as the taxation sought to be imposed is beyond the power of a municipality, that it would be better so to declare by our judgment, and it is so ordered.