THE FAJARDO DEVELOPMENT COMPANY, demandante y apelante, *v.* José CAMACHO, Comisionado de Servicio Público de la Municipalidad de Luquillo, y JUAN VÉLEZ, Comisionado de Hacienda, demandados y apelados.

No. 3112.—*Visto:* Febrero 12, 1924. *Resuelto:* Abril 27, 1926.

1. LICENCIAS—POR OCUPACIONES Y PRIVILEGIOS—VALIDEZ DE ORDENANZAS MUNICIPALES—"OCCUPATION TAX" SOBRE UN NEGOCIO—CONTRIBUCIÓN ADICIONAL SOBRE ELEMENTOS DEL MISMO.—Un municipio no tiene facultad alguna para, en adición a la patente municipal impuesta bajo la Ley No. 26 de 1914 (p. 174), imponer a un negocio sujeto a dicha patente una contribución adicional sobre uno o más de los elementos necesarios a dicho negocio.

2. LICENCIAS—POR OCUPACIONES Y PRIVILEGIOS—VALIDEZ DE ORDENANZAS MUNICIPALES—"OCCUPATION TAX" SOBRE UN NEGOCIO—CONTRIBUCIÓN ADICIONAL SOBRE ELEMENTOS DEL MISMO.—Estando los ferrocarriles expresamente incluidos entre los negocios que, sujetos a patente municipal, enumera el inciso B del artículo 2 de la Ley No. 26 de 1914 (p. 174), un municipio no tiene facultad alguna para, en adición a la patente impuesta bajo dicha ley, imponer a dicho negocio una contribución sobre la transportación por ser ésta un elemento necesario del negocio mencionado.

SENTENCIA de *Pablo Berga, J.* (Humacao), declarando sin lugar la demanda, sin costas. *Revocada y dictada otra.*

*Jaime Sifre, Jr.,* abogado de la apelante; *Bolívar Pagán,* abogado de los apelados.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

La apelante es una corporación organizada de acuerdo con las leyes del Estado de Connecticut teniendo su oficina principal en San Juan y autorizada debidamente explota un ferrocarril que transporta carga y pasajeros entre Naguabo y Mameyes, atravesando las municipalidades de Luquillo, Fajardo y Ceiba.

La Asamblea Municipal de Luquillo aprobó una ordenanza cuya sección 1ª dice así:

"Por la presente, toda persona natural o jurídica, que tenga en operación o que desee operar en el negocio de transportes de caña de azúcar por ferrocarril a vapor o eléctrico, trucks de carga, movido por fuerza motriz o eléctrica, transportes movidos por fuerza animal, de éste a otro término municipal para fines industriales o de negocio, a partir del primero de julio de mil novecientos veinte y uno y por el año económico del 1921–22 y los subsiguientes años fiscales, hasta que otra cosa no se disponga, quedará sujeta al pago de una contribución de un centavo por cada tonelada de dicho producto que transporte de ésta a otra jurisdicción municipal."

La apelante estableció demanda de *injunction* para que se declarara nula, ilegal y sin ningún valor dicha ordenanza y solicitó un *injunction* preliminar para impedir la ejecución de dicha ordenanza. Las partes se pusieron de acuerdo en cuanto a los hechos. No se cobró ninguna contribución *pendente lite.*

[1, 2] La Corte de Distrito de Humacao declaró legal la ordenanza y su opinión se fundó en parte en la decisión de esta corte en el caso de *Fantauzzi* v. *Asamblea Municipal de Arroyo,* 30 D.P.R. 423. En ese caso este tribunal había decidido que la Ley de marzo 28, 1914, No. 26, no impedía a los municipios poder imponer una contribución sobre los artículos fabricados en un municipio a diferencia del arbitrio sobre la ocupación autorizado por la ley de 1914, por cuanto la ley de mayo 12, 1920 (p. 131), facultaba a los municipios para imponer "cualquier otro impuesto, arbitrio

o contribución que se decretare por las dos terceras partes de los miembros de la asamblea municipal siempre que el objeto o materia de contribución no lo fuere de algún impuesto federal o insular.''

Apelado el caso a la Corte de Circuito de Apelaciones para el Primer Circuito de los Estados Unidos fué revocada la sentencia de este tribunal. *Sucesores de C. J. Fantauzzi v. Asamblea Municipal de Arroyo, Puerto Rico,* 295 Fed. 803. Esa corte decidió, como antes había decidido ésta, que la contribución en cuestión no era una contribución a la propiedad y dijo la corte de apelación que no podía ser sostenida como tal impuesto sobre la propiedad porque infringiría el principio de uniformidad. Citó la corte con aprobación la declaración contenida en la nota al caso de *Newport v. Fitzer,* 21 L.R.A. (N.S.) 279, a saber:

'' 'La regla general observada en la mayoría de los casos es que no puede dividirse un negocio al cual se impone una contribución general por ocupación, e imponerse una contribución adicional sobre ciertos elementos constituyentes del negocio; pero si el elemento al cual se fija la contribución adicional no es parte necesaria o usual del negocio en general, será sostenida la contribución,' ''

y citó varios otros casos para sostener la declaración hecha en la nota. La corte dijo entonces:

''Si el municipio no había en una tasación anterior llegado al máximum prescrito en la ley de 1914, y luego hubo una emergencia que requería el cobro de una contribución mayor, podría, por virtud de la autoridad de los casos citados en la opinión de la Corte Suprema de Puerto Rico, fijar una contribución adicional, que con la previamente impuesta no excedería del máximum autorizado por la ley de la Legislatura.

''En el caso de Patton v. Brady, 184 U. S. 608, 22 Sup. Ct. 493, 46 L. Ed. 713, la corte resolvió que, porque se hubiera pagado un arbitrio por tabaco, esto no prohibía la imposición de una contribución general al tabaco como propiedad, y que también el arbitrio que había sido impuesto podía ser aumentado después para remediar las exigencias que pudieran surgir.

''Cuando, como en este caso, había sido impuesto un arbitrio

por hacer el negocio de azúcar y mieles, dentro del municipio, creemos que no puede imponerse una contribución adicional al negocio de fabricar azúcar, que es uno de los elementos necesarios del negocio en general.

"La contribución que se ha pretendido imponer por la ordenanza no puede ser sostenida como contribución a la propiedad, ni como arbitrio o contribución por ocupación."

La Corte Suprema de los Estados Unidos después de librar un auto de *certiorari* en el caso semejante de *Cami, Comisionado* v. *Central Victoria,* confirmó la sentencia de la Corte de Circuito de Apelaciones. 268 U. S. 469. Después de revisar sucintamente los estatutos y decisiones de las cortes inferiores, en la opinión se dice lo siguiente:

"Como la ley de 1914 ha sido llevada a la de 1920, es difícil para nosotros creer que en un párrafo la ley posterior confería facultad para imponer una contribución hasta un máximum especificado y en otro una facultad general limitada solamente por los demás principios sobre contribución. Por tanto, cuando en la sección 49 (*f*) la ley posterior autoriza 'cualquier otro impuesto, arbitrio o contribución' creemos que debe entenderse que significa cualquier contribución sobre otros objetos de tasación y no cualquier otra contribución sobre aquellos para los cuales se prescribe un límite ya definitivo."

Como la opinión y sentencia de la Corte de Circuito de Apelaciones han sido confirmadas expresamente, es ley establecida que la facultad de un municipio para imponer una contribución a un negocio o a cualquier elemento del mismo está limitada a la Ley de 1914 y a su forma y que pueden fijarse otras contribuciones sobre las ocupaciones, únicamente si no están incluídas en la enumeración hecha en dicha Ley de 1914; que porque haya o nó fijado el municipio el arbitrio o impuesto por ocupación autorizado por la Ley de 1914, no puede imponer ningún otro a las ocupaciones.

La ley de 1914 (p. 174), en el párrafo B, menciona específicamente los "ferrocarriles." Por tanto, el municipio a lo sumo sólo podía imponer un arbitrio a la demandante,

como lo autoriza la Ley No. 26 de marzo 28, 1914, y la contribución que pretende imponerse a ella era nula y sin ningún valor.   De acuerdo con el párrafo A de dicha ley todas las demás compañías de transporte están excluídas y el efecto total es al parecer impedir al municipio que imponga cualquier contribución sobre la transportación, que es el objeto de la ordenanza.

No sólo es esto así, sino que la Ley de agosto 12, 1913, leyes de la sesión extraordinaria de ese año, página 102, prescribía lo siguiente:

"No será válida ninguna patente que por la presente se dispone en ningún municipio fuera de aquel en el cual se emitiere, excepto lâs de compañías de transporte o vehículos que funcionen entre o pasen por dos o más municipios.   Tratándose de tales compañías de transporte o de vehículos que funcionen entre o pasen por dos o más municipios, la patente municipal que se obtuviere en el municipio en el cual estuviera situada la oficina principal en Puerto Rico de la compañía que explotare los antedichos vehículos de transporte será suficiente para la explotación de dichos vehículos de transporte en, entre o pasando por otros municipios de Puerto Rico, sin pago de patente adicional en virtud de esta Ley."

Esto excluiría probablemente el derecho del municipio a imponer cualquier arbitrio a un ferrocarril que no funciona enteramente dentro de sus límites, pero no necesitamos resolver específicamente la cuestión por no estar envuelto ningún arbitrio.

Resulta por tanto innecesario que consideremos el otro señalamiento de error que alega la demandante-apelante, o sea, si no es la Comisión de Servicio Público la que tendría el derecho exclusivo de regular las contribuciones y tarifas para una corporación de servicio público.

Hemos tenido alguna duda de si en este pleito debiéramos declarar que la ordenanza es nula y sin ningún valor, o meramente impedir que el demandado verifique el cobro de la contribución de la demandante, pero en conjunto estamos satisfechos, puesto que la contribución que trató de

imponerse está fuera de la facultad del municipio, *que se-*
*ría mejor declararlo así en nuestra sentencia, y así se or-*
*dena.*