EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MANUEL MARÍA PAZ, acusado y apelante.

No. 2799.—*Visto:* Junio 15, 1926. *Resuelto:* Julio 20, 1926.

TEATROS Y ESPECTÁCULOS *(Theaters and Shows)*—CONTRIBUCIÓN EN CONCEPTO DE LICENCIA—FACULTAD DE LOS MUNICIPIOS PARA IMPONERLA—LIMITACIÓN DE LA FACULTAD.—Estando la facultad de un municipio para imponer una contribución a un negocio, limitada a la Ley No. 26 de 1914 (p. 181), aquél no puede decretar una contribución por cada espectáculo público en concepto de licencia que se aparte enteramente de dicha ley.

SENTENCIA de *Charles E. Foote,* J. (Mayagüez), por infracción a una ordenanza municipal. *Revocada* y absuelto el acusado.

*Benet & Souffront,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Manuel María Paz fué denunciado porque dueño de un teatro en la ciudad de Mayagüez, celebraba espectáculos sin

haberse provisto de un permiso creditivo de haber pagado
$2 por noche, en contravención a cierta ordenanza municipal
que así lo establecía.

La corte inferior en grado de apelación lo declaró culpa-
ble y le impuso un dollar de multa, consignando en la sen-
tencia como fundamento "que el impuesto que cobra el mu-
nicipio de Mayagüez al acusado para dar espectáculos pú-
blicos en su teatro es una licencia, que puede imponer el mu-
nicipio para regularizar los espectáculos públicos dentro de
su demarcación territorial, para seguridad y beneficio del
público (police power) teniendo el municipio necesidad de
gastos de inspección, empleados para la imposición, cobro y
efecto de dicha licencia, no estando en conflicto esta imposi-
ción con la Ley de Rentas Internas, aprobada en 20 de agosto
de 1925 por la Asamblea Legislativa de 'Puerto Rico. . .. .' "

La ordenanza presentada y admitida en evidencia en la
parte pertinente dice:

"ORDENANZA para fijar el tipo que por concepto de arbitrios debe
cobrar el Municipio de Mayagüez, P. R., durante el año fiscal 1923–
24 y subsiguientes.

"POR CUANTO, el cobro de toda contribución, para que sea equi-
tativo, debe ser regulado y sus cuotas impuestas de modo legal y
públicamente intervenidas;

"POR TANTO, *ordénase por la Asamblea Municipal de Mayagüez,
Puerto Rico.*

"Sección 1.    Imponer, como por la presente se impone para el
año económico 1923–1924 y años subsiguientes a toda persona, firma,
sociedad, corporación u otra forma cualquiera de organización co-
mercial o industrial que explote o en lo sucesivo explotare entre los
límites jurisdiccionales de la Ciudad y Municipio de Mayagüez, P.
R. los siguientes arbitrios:

"Construcción y ocupación de la vía pública.

"DIVERSIONES Y ESPECTÁCULOS PÚBLICOS.

*       *       *       *       *       *       *

"4. Por cada licencia para espectáculos públicos en casas, tea-
tros, cines, etc., con fines especulativos, entendiéndose como espec-
táculos a los efectos de esta ordenanza cada tanda o exhibición de
película y variedades. . . . $2.00.

"Sección 2.—PENALIDADES.

"Toda infracción a la presente ordenanza por cualquier persona natural o jurídica que se negare a pagar cualquiera de los derechos a que la misma se contrae o que diere informes falsos a los empleados municipales de su propio negocio o el de otras personas, tendentes a defraudar el Municipio de Mayagüez, en los derechos que legalmente le corresponden percibir; será penado con multa máxima de cincuenta dollars o prisión subsidiaria en cárcel por un término no mayor de quince días."

Sostiene el apelante que la corte inferior cometió manifiesto error de derecho al declarar que el impuesto o arbitrio que se trata de cobrar es una licencia que puede imponer el municipio, no estando en conflicto con la sección 99 de la Ley de Rentas Internas, aprobada en agosto 20, 1925 (p. 653).

Las secciones 16 (apartado 25) y 99 de la ley citada prescriben lo siguiente:

"Sec. 16.—Se cobrará y pagará como impuesto de rentas internas por una sola vez lo siguiente:

\*            \*            \*            \*            \*            \*            \*

"25. *Entrada a los espectáculos públicos.*—Toda persona a cargo de la explotación de un espectáculo público con fines de lucro pagará un impuesto de cinco (5) por ciento sobre el montante que produzca lo que se cobre como derecho a entrada a dicho espectáculo público.

"Sec. 99.—A partir del día en que esta Ley sea aprobada, ningún distrito municipal ni otra división administrativa de Puerto· Rico, podrá imponer o recaudar ningún impuesto ni arbitrio local sobre cualquier artículo sujeto a contribución bajo las disposiciones de esta Ley; *Disponiéndose,* que nada de lo prescrito en esta Ley se entenderá que derogue en todo ni en parte, la Ley No. 26 titulada, 'Para autorizar a los municipios de la Isla de Puerto Rico a imponer y cobrar, en concepto de patentes, una contribución anual para cubrir las atenciones de su presupuesto, y para otros fines, aprobada el 28 de marzo de 1914; *Y disponiéndose, además,* que cuando la imposición de una patente esté en conflicto con una contribución impuesta de acuerdo con la Ley de Rentas Internas de Puerto Rico y ambas no puedan hacerse efectivas, se entenderá que la contribución impuesta por la Ley de Rentas Internas prevalecerá."

El razonamiento del apelante se contrae a que disponiendo la sección 16 en su apartado 25 un impuesto de un cinco (5) por ciento sobre el montante que produzca lo que se cobre como derecho de entrada a los espectáculos públicos, tal impuesto no se puede decretar por ningún municipio en virtud de lo dispuesto por la sección 99. Esta última sección indudablemente tuvo por objeto evitar un doble impuesto sobre cualquier artículo sujeto a contribución bajo las disposiciones de la misma ley. Por la forma en que aparece impuesto el arbitrio por la ordenanza, el municipio carecía de autoridad legislativa para hacerlo, porque disponiendo la misma sección 99 que la Ley No. 26 sobre patentes municipales, aprobada en marzo 28, 1914, quedaba en vigor, esta ley es la que especifica cómo debe imponerse y cobrarse la contribución sobre teatros, cinematógrafos y espectáculos públicos, etc., comprendidos en el grupo ''A'' de la sección 2ª. de dicha ley. Por la sección 3 se fija el montante del impuesto tomando como base el volumen del negocio según se determina claramente por la sección 4. Así es que la contribución de $2 por cada espectáculo público en concepto de licencia, conforme prescribe la ordenanza, se aparta enteramente de lo que se prescribe en la ley 26 de patentes de marzo 28, 1914.

En el caso de *Fajardo Development Co.* v. *Camacho, Comisionado,* 35 D.P.R. 358, interpretando la autoridad y forma en que los municipios pueden imponer contribución a un negocio, dijimos lo siguiente: ''. . . . es ley establecida que la facultad de un municipio para imponer una contribución a un negocio o a cualquier elemento del mismo está limitada a la Ley de 1914 y a su forma y que pueden fijarse otras contribuciones sobre las ocupaciones, únicamente si no están incluídas en la enumeración hecha en dicha Ley de 1914.''

*Por lo expuesto, debe revocarse la sentencia apelada y absolverse al acusado.*