PEOPLE OF PORTO RICO EX REL. JOSÉ MANUEL SANTIAGO, Plaintiff and Appellee, *v.* FORTUNATO BLANCO-MATEO, Defendant and Appellant.

No. 4079.   Argued April 1, 1927.—Decided May 31, 1927.

*Leopoldo Tormes* for the appellant. *Agustín E. Font* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

The People of Porto Rico at the instance of José Manuel Santiago began a proceeding in *quo warranto* before the District Court of Guayama to oust Fortunato Blanco Mateo from his position as auditor of the Municipality of Santa Isabel. Previously in the Municipal Assembly of Santa Isabel charges were preferred against the said Blanco and after a due trial he was removed from office. He then filed a writ of certiorari in the District Court of Guayama which decided against his pretensions and the decision on appeal was affirmed by this court. A subsequent assembly met on the 15th day of April, 1926, and named, restored, or attempted to name or restore the said Blanco to the office.

After a hearing in the *quo warranto* proceeding the District Court of Guayama rendered judgment removing the respondent from office. Of the various assignments we shall

first consider the third, as it involves the merits of the action.

The appellant maintains in effect that what one assembly does another can change or undo. Within certain limitations needless to outline, legislative actions of one assembly may be revoked, amended or repealed by a subsequent assembly. However, the power to remove persons from office, it seems to us, involves a judicial or quasi judicial function. Whether we are strictly correct or not in the classification, the power to remove from office is an extraordinary one. Such a power is not universal, either in legislative or municipal assemblies. It was conferred on the municipal assemblies by the Legislature which gave the said assemblies certain powers and defined the effect of them. The assembly in this case removed a person from office and was given no draft of power to restore him. The requirement for municipal officers fixed by the Legislature prevented this. The situation is similar to a person convicted of crime. The faculty sought to be exercised is similar to a power to pardon. That power resides in a case like this perhaps in the Governor, perhaps in the Legislature (see note, 34 L.R. A. 251), but the municipal assembly was given no such power and its general legislative powers do not cover this case.

We agree with the court below that the charges in this case involved immoral conduct and in accordance with the law as interpreted in the case of *People* v. *López*, 29 P.R.R. 754, the respondent, under section 17 of the Municipal Act, became disqualified from holding the office of municipal auditor.

Under his second assignment of error the respondent maintains that the certiorari proceeding begun by respondent did not determine his right to hold the office of auditor. We agree with the appellant that a certiorari very frequently does not determine essential rights and is generally limited to the annulment of actions previously taken. It was, however, the action of the first assembly that removed appellant

and that action remained in full force and was in no wise affected by the certiorari. The reasoning of the court in disposing of the certiorari might perhaps have given the action of the assembly additional weight.

The first assignment of error refers to the right of José Manuel Santiago to begin this proceeding. Santiago alleged that he was a citizen and taxpayer. This shows sufficient capacity to bring this sort of action under *People* v. *Betancourt*, 28 P.R.R. 801, and cases cited.

The appellant, however, says that Santiago is not a taxpayer for the purpose of a *quo warranto*; that the relator only pays a municipal license. That a municipal license is a tax sufficiently appears from the Municipal Act and from the decisions in *Successors C. & J. Fantauzzi* v. *Mun. Assembly of Arroyo*, 30 P.R.R. 390; *Same case* on appeal, 295 Fed. 803; *Cami* v. *Central Victoria*, 268 U. S. 469. The petitioner was a taxpayer.

We need not specifically decide the matter, but we have some question whether mere citizenship is not qualification enough where it is sought to prevent a person from filling an office who has been removed on charges.

The judgment appealed from should be affirmed.