Mario Mercado e Hijos, demandantes y apelantes, *v.* Arturo Lluveras y Francisco Lluch Negroni, Alcalde y Tesorero respectivamente del Municipio de Yauco, demandados y apelados.

No. 4077.—*Visto:* Febrero 15, 1927. *Resuelto:* Julio 26, 1927.

1. Licencias—Por Ocupaciones o Privilegios—Validez de Ordenanzas Municipales—''Occupation Tax'' Sobre un Negocio o Industria—Contribución Adicional Sobre Elementos del Mismo.—Establecido por la legislatura el derecho de imponer una contribución sobre determinado negocio o industria, un municipio no puede imponer ninguna otra contribución directa o indirecta sobre tal negocio.

2. Licencias—Por Ocupaciones y Privilegios—Validez de Ordenanzas Municipales—''Occupation Tax'' Sobre un Negocio o Industria—Contribución Adicional Sobre Elementos del Mismo.—Excluido de contribución determinado negocio por estar cubierto por la legislatura insular, la exclusión o prohibición no solamente se extiende a la municipalidad en que dicho negocio está situado sino a todos los municipios de la Isla.

3. Contribuciones—Pago y Devolución o Recobro de Contribuciones Pagadas—Pago Bajo Protesta.—La sección 13 de la Ley No. 26 de 1914 (p. 187) requiriendo el pago de contribuciones bajo protesta no es aplicable a las contribuciones municipales y sí sólo a aquellas impuestas directamente por la legislatura.

Sentencia de *Angel Acosta Quintero,* J. (Ponce), declarando sin lugar el recurso de *injunction,* con costas y honorarios de abogado. *Revocada y devuelto el caso.*

J. *Tous Soto* y *Fernando Zapater,* abogados del apelante; *López de Tord* y *Zayas Pizarro,* abogados de los apelados.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El municipio de Yauco mediante una ordenanza trató de imponer una contribución sobre las mieles introducidas en dicha municipalidad. Cuando se invocó el caso de *Fantauzzi* vs. *La Asamblea Municipal de Arroyo,* 295 Fed. 804, la Corte de Distrito de Ponce trató de hacer una distinción fundada en que la ordenanza no trataba de imponer una contribución sobre ninguna central que fabricara azúcar o mieles sino solamente sobre las mieles que fueran traídas de otros lugares al pueblo de Yauco. La corte denegó al apelante la expedición de un auto de *injunction.*

El argumento de la corte y del apelado no dejan de tener considerable fundamento. No parece enteramente irrazonable que a fin de aumentar sus ingresos un municipio pueda imponer una contribución sobre las mercancías o productos introducidos dentro de sus límites territoriales. Esta es una forma corriente de contribución en Europa.

[1, 2] No obstante, de acuerdo con la decisión de la Corte de Circuito de Apelaciones, fortalecida por la decisión de la Corte Suprema de los Estados Unidos en el caso de *Central Victoria* v. *Cami,* 265 U.S. 577, creemos que una vez que nuestra Legislatura establece el derecho de imponer contribución sobre determinado negocio o industria no se puede imponer ninguna otra contribución ni directa ni indirectamente sobre tal negocio. Véase también el caso de *The Fajardo Development Company* v. *Camacho,* 35 D.P.R. 355. La idea expresada claramente por estas opiniones es que un municipio puede imponer una contribución solamente cuando las contribuciones sobre tal negocio no han sido ya determinadas por nuestra Legislatura. El apelado nominalmente estaría dispuesto a admitir esta proposición. La distinción que se desea hacer es que no se trata de imponer contribuciones sobre ningún negocio en Yauco. Sin embargo creemos que es claro que cuando se excluye de contribución determinado negocio (artículo 45 *f* de la Ley Municipal, Leyes de 1925, pág.

727), por haberlos cubierto ya nuestra Legislatura Insular, la exclusión o prohibición se extiende no solamente a la municipalidad en que está situado el negocio sino a todos los municipios de la Isla. La Legislatura ya ha determinado cómo se pueden imponer contribuciones localmente sobre los negocios hechos en esta industria, y éste es un caso claro de *expressio unius est exclusio alterius.* El resolver lo contrario permitiría que los municipios impusieran contribuciones indirectamente, lo que la Legislatura tuvo por objeto evitar. Es de presumirse que todos los municipios envían algunos de sus productos fuera de sus límites territoriales y si se pudieran imponer contribuciones sobre estos productos en otras partes de la Isla la intención de la Legislatura quedaría así destruída.

[3] Debió expedirse el auto de *injunction* solicitado en este caso. Los apelados alegan que el remedio que tenía el contribuyente era pagar bajo protesta de acuerdo con la sección 13 de la ley de 1914. Creemos, sin embargo, que dicha sección es aplicable a contribuciones dentro del alcance general del derecho a imponerlas autorizado por el poder supremo o sea por la Legislatura. Este caso es distinto de aquel en que el estado exige que los pagos ingresen en su propio tesoro.

*Debe revocarse la sentencia apelada y expedirse el auto de injunction.* Se devuelve el caso para ulteriores procedimientos no inconsistentes con esta opinión.