PORTO RICO DISTILLING Co., Plaintiff and Appellee, *v.* SERGIO SEIJO AND FRANCISCO MIRANDA, RESPECTIVELY MAYOR AND TREASURER OF THE MUNICIPALITY OF ARECIBO, Defendants and Appellants.

No. 5414. Argued April 22, 1931.—Decided June 10, 1931.

*Cayetano Coll Cuchí* for appellants. *Feliú & La Costa* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The Municipality of Arecibo passed an ordinance imposing a municipal excise tax of one-half cent on each liter of ethyl alcohol manufactured within the municipal district and providing for its collection. The Executive Council of the Island decided that it would approve the ordinance provided the

same was modified by reducing the tax to one cent on each gallon.

The plaintiff, a corporation engaged in Arecibo in the manufacture of ethyl alcohol for medicinal, scientific, and industrial purposes under the National Prohibition Law, brought this suit in the district court seeking to have such ordinance declared null and void and that an injunction should be issued prohibiting its enforcement *pendente lite.*

The defendant municipality answered. The issue having been joined, the case went to trial and the court rendered judgment in favor of the plaintiff. Thereupon the defendant took the present appeal.

In our opinion, the judgment appealed from is the only one that could have been rendered from a consideration of the facts in the light of the applicable law and of the doctrine laid down in *Successors of Fantauzzi* v. *Municipal Assembly etc.,* 295 Fed. 803; *Cami* v. *Central Victoria, Ltd.,* 268 U.S. 469, applied by this Court in *Fajardo Development Co.* v. *Camacho et al.,* 35 P.R.R. 327; and *M. Mercado & Sons* v. *Lluberas et al.,* 37 P.R.R. 296, 297. We quote from the last of these cases:

" .... under the decision of the Circuit Court of Appeals, fortified by the decision of the Supreme Court of the United States in Central Victoria v. Cami, 265 U. S. 577, we think that once a right to tax a particular business or industry is fixed by our Legislature no other tax may be imposed directly or indirectly on that business. See also Fajardo Development Co. v. Camacho, 35 P.R.R. 327. The idea clearly expressed by these opinions is that a municipality may impose a tax only when the taxation for that business has not been already determined by the Legislature."

It is sufficient to bear in mind the purpose of the ordinance, which is to impose an excise tax of one cent on each gallon of alcohol manufactured in Arecibo, and section 84 of the Internal Revenue Law, which provides:

"Section 84.—Every three months every person engaged in any of the occupations or businesses enumerated in this section, shall pay

for every factory, place, commercial or industrial establishment, the respective license tax herein prescribed, to wit:

"1. Distiller of alcohol or distilled spirits for medicinal, industrial or scientific purposes, first class, one hundred and fifty (150) dollars; second class, one hundred (100) dollars;

"*       *       *       *       *       *       *

"8. Manufacturer of perfumery containing alcohol, first class. fifty (50) dollars; second class, twenty-five (25) dollars;

"*       *       *       *       *       *       *

"13. Denaturing plants, fifty (50) dollars."

Under the jurisprudence above cited, when the municipal assembly took action the field had already been covered by the Insular Legislature, and therefore the assembly was barred from taking such action.

Other grounds urged in the complaint and considered by the district court in its opinion militate also against the validity of the ordinance in question; but as the ground already stated is sufficient, it is unnecessary for us to go into a discussion of the others.

The judgment appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.