Porto Rico Distilling Co., demandante y apelada, *v.* Sergio Seijo y Francisco Miranda, como Alcalde y Tesorero, respectivamente, del Municipio de Arecibo, demandados y apelantes.

No. 5414.—*Sometido:* Abril 22, 1931. *Resuelto:* Junio 10, 1931.

*Cayetano Coll Cuchí*, abogado de los apelantes; *Feliú & La Costa.* abogados de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El municipio de Arecibo aprobó una ordenanza imponiendo un arbitrio municipal de medio centavo por cada litro de alcohol etílico que se produjera o manufacturara dentro del término municipal y disponiendo la forma de su cobro. El Consejo Ejecutivo de la Isla resolvió que aprobaría la orde-- nanza siempre que se modificara reduciendo el impuesto a un centavo por galón.

La demandante, que es una corporación que se dedica en el dicho municipio de Arecibo a elaborar y manufacturar alcohol etílico para fines medicinales, científicos e indus- triales, bajo la Ley Nacional de Prohibición, inició este pleito ante la corte del distrito en solicitud de que se decla- rara nula e ilegal la ordenanza, expidiéndose un *injunction* prohibiendo su ejecución *pendente lite*.

Contestó el municipio demandado. Trabada la contienda, fué el pleito a juicio, y la corte lo resolvió por sentencia favorable a la demandante. No conforme el demandado in- terpuso el presente recurso de apelación.

A nuestro juicio la sentencia apelada es la única que podía dictarse examinados los hechos envueltos a la luz de la ley y la jurisprudencia establecida en los casos de *Fan- tauzzi* v. *Municipal Assembly*, 295 Fed. 503 y *Cami* v. *Central Victoria*, 268 U. S. 469, aplicados por esta Corte Suprema en los de *Fajardo Development Co.* v. *Camacho*, 35 D.P.R. 355 y *M. Mercado e Hijos* v. *Lluberas*, 37 D.P.R. 316. Citamos de este último:

"......... de acuerdo con la decisión de la Corte de Cir- cuito de Apelaciones, fortalecida por la decisión de la Corte Suprema de los Estados Unidos en el caso de Central Victoria v. Cami, 265 U. S. 577, creemos que una vez que nuestra Legislatura establece el

derecho de imponer contribución sobre determinado negocio o indus-tria no se puede imponer ninguna otra contribución ni directa ni in-directamente sobre tal negocio. Véase también el caso de The Fa-jardo Development Company v. Camacho, 35 D.P.R. 355. La idea expresada claramente por estas opiniones es que un municipio puede imponer una contribución solamente cuando las contribuciones so-bre tal negocio no han sido ya determinadas por nuestra Legisla-tura.''

Bastará recordar el propósito de la ordenanza, esto es, la imposición de un arbitrio de un centavo por cada galón de alcohol fabricado en Arecibo, y la sección 84 de la Ley de Rentas que dispone:

"Sección 84.—Cada tres meses toda persona dedicada a cual-quiera de las *ocupaciones o negocios relacionados en esta sección* pa-gará por cada fábrica, sitio, establecimiento comercial o industrial, la contribución por concepto de licencias respectivamente prescrita a saber:—

"1. Destilador de alcohol o espíritu destilado para fines medici-nales, industriales o científicos, primera clase, ciento cincuenta (150) dólares; etc.

"* * * * * * *

"8. Fabricantes de perfumería con alcohol, primera clase, cin-cuenta (50) dólares; etc.

"* * * * * * *

"13. Plantas desnaturalizantes, cincuenta (50) dólares.''

De acuerdo con la jurisprudencia citada cuando el legis-lador municipal actuó, ya el campo había sido cubierto por el legislador insular y en tal virtud estaba impedido de hacerlo.

Otros motivos que se alegan en la demanda y que analizó la corte de distrito en su opinión, militan también en contra de la validez de la ordenanza de que se trata, pero como el expuesto es suficiente, es innecesario extendernos en su con-sideración.

*Debe confirmarse la sentencia recurrida.*
El Juez Asociado Señor Wolf no intervino.