WEST INDIA OIL COMPANY (P.R.), Petitioner and Appellee, v. CITY MANAGER, ET AL., Defendants and Appellants.

No. 7631.—Argued April 6, 1938.—Decided February 25, 1939.

*J. Valldejuli Rodríguez,* for appellants. *James R. Beverley* and *J. López Baralt,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The case before us is not entirely new to this court. A preliminary incident in the same suit was considered by us in appeal No. 7312 reported at 51 P.R.R.——and 51 P.R.R. ——. For a more complete history of the case, therefore, reference may be had to the above opinions.

Briefly summarized the situation is as follows:

The West India Oil Co. (P.R.) filed a petition for an injunction to restrain the collection by the City of San Juan of certain municipal taxes imposed upon the local discharge stands (*bombas de gasolina*) used by the plaintiff for the sale and distribution of gasoline directly to the consumer. The petitioner alleged in the first place that it only owned part of the number of units on which it had been assessed; that these units and their business of selling gasoline were already subject to the following insular taxes: (*a*) a property tax on each and every one of the stands, (*b*) a license tax of $200 quarterly for the privilege of engaging in the wholesale gasoline business, (*c*) a license tax of $5 to $15 quarterly for the privilege of engaging in the retail gasoline business by means of its various service stations wherein are established the various gasoline stands, (*d*) a tax of seven cents per gallon of gasoline sold, consumed, or used, in Puerto Rico by the petitioner; that in addition to the above taxes the petitioner was subject to the payment of a patent to the municipality for the privilege of dedicating itself to the sale of gasoline and oil which in the year 1935–36 amounted to $631; that by ordinances No. 37 of January 7, 1932, No. 122 of February 6, 1933, No. 130 of April 3, 1933, and No. 144 of June 6, 1933, the City of San Juan attempted to assess an excise tax on each of these gasoline stands, the amount of which was finally predicated upon whether they were located on private or public domain.

The petitioner then alleged that the Treasurer of the Municipality attempted to collect $9,800 covering the taxes which had fallen due by virtue of the above ordinances during the years 1932, 1933, 1934, and 1935; that in addition to the allegation that part of the subject matter of these taxes did not belong to the West India Oil Co., the taxes themselves were unconstitutional primarily—

"Because the said gasoline pumps are necessary elements in the distribution and sale of gasoline, and the imposition of taxes by said

ordinances Nos. 37, 122, 130 and 144, constitutes an illegal double taxation upon the same business, since a tax is levied and collected by the Government from the petitioner in addition to a property tax, a $200 quarterly license tax upon its business of selling gasoline, and a further quarterly license tax imposed by the Insular Government against him on each service station where the pumps mentioned in paragraph 2 of this petition are installed for retailing gasoline.

"Because besides the fact that the imposition of the tax or excise by said ordinances Nos. 37, 122, 130 and 144 constitutes an illegal double taxation in addition to the taxes and excises already levied and collected by the Insular Government by reason of said pumps and the business in which the same are operated, any tax or excise imposed by such ordinances constitutes also an illegal double taxation on the part of the Government of the Capital of Puerto Rico, for, as above alleged, said Government of the Capital of Puerto Rico has levied against the petitioner a municipal license tax upon its business of selling gasoline."

The petitioner also raised various other minor objections to the tax which we do not deem it necessary to discuss.

The lower court granted a preliminary injunction based exclusively on the allegation of fact with regard to the inexistence of several of the gasoline stands assessed to the petitioner. On appeal this court reversed the grant of the preliminary injunction because in its opinion the petitioner should have paid under protest the taxes imposed upon those stands which it admittedly owned. The case was remanded for further proceedings and is now before us once more after the lower court issued the permanent injunction.

The city has assigned three errors on appeal.

The first assignment imputes error in the lower court for issuing a permanent injunction upon the same petition which was considered insufficient by this Supreme Court for the issuance of a preliminary injunction. A reading of the opinion of Mr. Justice Córdova Dávila in the above incident is sufficient to convince us that this court had no intention of prejudging the merits of the petition, but merely decided that for the purpose of the preliminary injunction the basis on

which such remedy had been granted was insufficient. In reality, we believed that the proceeding for an injunction, being one in equity, the petitioner should have placed himself as far as possible within that field, and that until the West India Oil Company paid the taxes on the stands owned, it could not invoke the jurisdiction of a court of equity.

It is true that the opinion in the preceding case decided that the municipal ordinances in question constituted an excise rather than a property tax. It is also true that the opinion considered the sufficiency of the allegations of the petition to establish a case of unconstitutionality, but this consideration was merely preliminary in character and only undertaken in order to determine whether the constitutional objections appeared with sufficient clarity from the petition. There was no decision of any of the constitutional questions raised. That the above conclusions are correct may be seen from the following paragraph of one of the opinion of this court in the preceding appeal:

"In every complaint it becomes necessary to allege a cause of action. In an injunction petition such cause of action should clearly appear, without leaving any room for doubt in the mind of the judge, where the unconstitutionality of an Act is alleged and the purpose sought is the restraining of the collection of an excise tax or duty. No such clearness appears in the present case. It is far from our thoughts to prejudge an issue not passed upon by the lower court. As stated in our opinion, the preliminary writ of injunction issued was based only on the claim that it was sought to collect from the petitioner a tax imposed upon a certain number of pumps not owned by it. We desire further to say that no special circumstances exist in the instant case to enjoin the payment of the tax and for this reason it is our opinion that our decision reversing the judgment appealed from must stand."

See the opinion of Mr. Justice Córdova Dávila on reconsideration in appeal No. 7312 (51 P.R.R. ——).

We may say, therefore, that the appellants' contention to the effect that this court has already decided that the facts set forth in the petition do not constitute a cause of action

is unwarranted. So that the first assignment of error cannot prevail.

The next assignment of error reads as follows:

"In holding that the remedy afforded by Act No. 32 of 1933 is inadequate for its omission to provide for the payment of interest on amounts paid under protest."

The legal issue presented by this assignment has been squarely decided by this court in *Plaza Provision Company* v. *Benítez Castaño*, 51 P.R.R. ——. In that case we definitely held that the remedy of payment under protest provided by section 32 (*a*) of the act applicable to this case (Act No. 99 of 1931) was not adequate inasmuch as it did not provide for the payment of interest on taxes illegally collected by the municipality.

The last assignment of error attacks the holding of the lower court that the gasoline stands formed an essential and indispensable element of the business of selling and distributing gasoline. Once more the brief for the appellant is based exclusively on part of the opinion of Mr. Justice Córdova Dávila in the case so many times cited. In regard to this proposition and even though this court had no intention of finally passing on its sufficiency at the time it delivered the former opinion, it may be said that we relied somewhat on the fact that the petitioner itself originally alleged that one of the reasons why the ordinances were unconstitutional was that they discriminated between the dealers who dispensed gasoline through discharge stands and those who made no use of these stands.

We are now in a better position to adjudge the question and agree with the lower court that the use of the gasoline stands by the petitioner for the retail sale of gasoline and oil directly to the consumer is a necessary element of such a transaction. Regardless of what we said by way of discussion in the former opinion, we now feel that the petitioner could not to-day successfully carry on his retail business without making use of such units.

The appellant has raised no issue as to the correct application of the jurisprudence cited by the lower court, and its examination has convinced us that these ordinances are in fact open either to the constitutional objection that they violate the principle of double taxation or fall under the rule that a municipality has no power to tax, as here, where said taxation could be considered to be already covered by the municipal license tax or by one of the insular taxes. *Fantauzzi* v. *Municipal Assembly of Arroyo*, 295 Fed. 803, 268 U. S. 699; *Cami* v. *Central Victoria*, 268 U. S. 469 and *Fajardo Development Co.* v. *Camacho*, 35 P.R.R. 327.

The judgment appealed from should be affirmed.