Wᴇꜱᴛ Iɴᴅɪᴀ Oɪʟ Cᴏᴍᴘᴀɴʏ (P. R.), peticionaria y apelada, *v.* Cᴀʀʟᴏꜱ M. ᴅᴇ Cᴀꜱᴛʀᴏ, Aᴅᴍɪɴɪꜱᴛʀᴀᴅᴏʀ ᴅᴇ ʟᴀ Cᴀᴘɪᴛᴀʟ ᴅᴇ Pᴜᴇʀᴛᴏ Rɪᴄᴏ, y Bᴏʟíᴠᴀʀ Pᴀɢáɴ, Tᴇꜱᴏʀᴇʀᴏ ᴅᴇ ʟᴀ Mɪꜱᴍᴀ, demandados y apelantes.

Núm. 7631.—*Sometido:* Abril 6, 1938. *Resuelto:* Febrero 25, 1939.

*J. Valldejuli Rodríguez,* abogado de los apelantes; *James R. Beverley* y *José López Baralt,* abogados de la apelada.

Eʟ Jᴜᴇᴢ Aꜱᴏᴄɪᴀᴅᴏ Sᴇñᴏʀ Wᴏʟғ emitió la opinión del tribunal.

El caso que tenemos ante nos no es enteramente nuevo para este tribunal. Un incidente preliminar en este mismo litigio fué considerado por nosotros en la apelación núm. 7312, según aparece de las opiniones publicadas a las páginas 273 y 290 del tomo 51 de las Decisiones de Puerto Rico. Por consiguiente, para una historia más completa del caso puede hacerse referencia a las anteriores opiniones.

Un resumen breve de la situación es el siguiente:

La West India Oil Company (P. R.) radicó una petición de *injunction* para impedir el cobro por la ciudad de San Juan de ciertas contribuciones municipales impuestas a las bombas de gasolina locales, utilizadas por la demandante en la venta y distribución de gasolina directamente al consumidor. La peticionaria alegó en primer lugar que sólo era dueña de parte del número de las unidades sobre las cuales se le había impuesto contribución; que estas unidades y su negocio de venta de gasolina ya estaban sujetos a las siguientes contribuciones insulares:

(*a*) Contribución sobre la propiedad de todas y cada una de las bombas.

(*b*) Arbitrio de $200 trimestrales por el privilegio de dedicarse al negocio de gasolina al por mayor.

(*c*) Un arbitrio de cinco a quince dólares trimestrales por el privilegio de dedicarse al negocio de gasolina al detall a través de sus varias estaciones donde están establecidas las diversas bombas de gasolina.

(*d*) Una contribución de siete centavos por cada galón de gasolina consumido, vendido o usado en Puerto Rico por la peticionaria; que en adición a las anteriores contribuciones la peticionaria tenía que pagar una patente al municipio por el privilegio de dedicarse a la venta de gasolina y aceite, la cual en el año 1935–36 ascendió a $631; que mediante las ordenanzas núm. 37 de enero 7, 1932, núm. 122 de febrero 6, 1933, núm. 130 de abril 3, 1933 y núm. 144 de junio 6, 1933, la ciudad de San Juan trató de imponer un arbitrio a cada una de estas bombas de gasolina, el importe del cual finalmente dependía de si la bomba estaba situada en propiedad privada o pública.

La peticionaria alegó entonces que el tesorero municipal trataba de cobrar la suma de $9,800, que cubría las contribuciones vencidas a virtud de las ordenanzas anteriores durante los años 1932, 1933, 1934 y 1935; que además de la alegación de que parte de las bombas sobre las cuales se

imponían estas contribuciones no pertenecían a la West India Oil Co., las contribuciones mismas eran inconstitucionales principalmente

"Porque las referidas bombas de gasolina son elementos necesarios del negocio de venta y distribución de gasolina, y los tributos impuestos por dichas ordenanzas núms. 37, 122, 130 y 144 constituyen una doble tributación ilegal del mismo negocio, porque a la peticionaria se le impone y cobra por el Gobierno Insular, además de la contribución sobre la propiedad, un arbitrio de doscientos dólares trimestrales por su negocio de venta de gasolina, y además dicho gobierno insular le impone y cobra a cada una de sus estaciones donde están establecidas las bombas mencionadas en el párrafo 2 de esta petición un arbitrio por trimestre para expendio de gasolina al detalle.

"Porque además de constituir las contribuciones o arbitrios impuestos por dichas ordenanzas núms. 37, 122, 130 y 144 una doble tributación (*double taxation*) ilegal en adición de las contribuciones y arbitrios ya impuestos y cobrados por el Gobierno Insular de Puerto Rico sobre dichas bombas y sobre el negocio en que las mismas se utilizan, las contribuciones o arbitrios impuestos por dichas ordenanzas constituyen también una doble tributación ilegal por lo que se refiere al Gobierno de la Capital de Puerto Rico, puesto que según alegado anteriormente, dicho Gobierno de la Capital de Puerto Rico ha impuesto a la peticionaria una contribución de patente municipal sobre su negocio de venta de gasolina."

La peticionaria también levantó otras objeciones menores a la contribución, que no creemos necesario discutir.

La corte inferior expidió un *injunction* preliminar basada exclusivamente en la alegación de hecho relativa a la inexistencia de varias de las bombas de gasolina cargadas a la peticionaria. En apelación, este tribunal revocó la orden de *injunction* preliminar porque a su juicio la peticionaria debió haber pagado bajo protesta las contribuciones impuestas sobre aquellas bombas de que ella admitía ser dueña. El caso fué devuelto para ulteriores procedimientos y se halla ahora ante este tribunal una vez más luego de la corte inferior haber librado un *injunction* permanente.

La ciudad ha señalado tres errores en apelación.

■ En el primer señalamiento se alega que la corte de distrito cometió error al expedir el *injunction* permanente basada en la misma petición que fué considerada insuficiente por este Tribunal Supremo para librarse el *injunction* preliminar. Una lectura de la opinión del Juez Asociado Sr. Córdova Dávila en el incidente anterior basta para convencernos de que este tribunal no tuvo intención alguna de prejuzgar los méritos de la petición sino que meramente resolvió que para los fines del *injunction* preliminar el fundamento que había servido de base a la expedición de tal remedio era insuficiente. En realidad, creímos que siendo el procedimiento de *injunction* uno en equidad, la peticionaria debió haberse colocado a sí misma en cuanto fuera posible, dentro de ese campo de acción y que hasta que la West India Oil Company pagara las contribuciones sobre las bombas de que era dueña, no podía invocar la jurisdicción de una corte de equidad.

Es cierto que la opinión emitida en el caso anterior resolvió que las ordenanzas municipales en cuestión imponían un arbitrio más bien que una contribución sobre la propiedad. Es cierto también que la opinión consideró la suficiencia de las alegaciones de la petición para establecer un caso de inconstitucionalidad, mas esta consideración fué meramente de naturaleza preliminar y discutida tan sólo para determinar si las objeciones constitucionales aparecían con suficiente claridad de la petición misma. No hubo decisión sobre ninguna de las cuestiones constitucionales planteadas. Del siguiente párrafo de una de las opiniones de este tribunal en la apelación anterior puede verse que las anteriores conclusiones son correctas:

"En toda demanda es necesario alegar una causa de acción. En una solicitud de *injunction*, esta causa de acción debe ser completamente clara, sin dejar dudas en la mente judicial, cuando se alega la anticonstitucionalidad de una legislación y se persigue el propósito de impedir el cobro de un arbitrio o contribución. Y esta claridad no surge en el presente caso. Nada más lejos de nuestro ánimo que tratar de prejuzgar la cuestión planteada, que no ha sido resuelta por la corte inferior. Como dijimos en nuestra opinión, el

auto preliminar de *injunction* expedido se basó únicamente en haberse tratado de cobrar a la demandante una contribución impuesta sobre un número de bombas que no posee. Deseamos añadir que no existen en este caso circunstancias especiales para impedir el pago de la contribución y por esta razón creemos que debemos sostener nuestro fallo revocando la resolución apelada.'' Véase la página 5 de la opinión del Juez Asociado Sr. Córdova Dávila, en reconsideración, en el recurso número 7312 (51 D.P.R. 292).

Por tanto, podemos decir que la contención de los apelantes al efecto de que este tribunal ya ha resuelto que los hechos aducidos en la petición no constituyen una causa de acción, carece de fundamento. De suerte, pues, que el primer señalamiento no puede prevalecer.

■ El siguiente señalamiento lee así:

"Haber declarado que el remedio de la Ley Núm. 32 de 1933 es inadecuado por no disponer el pago de intereses sobre las cantidades pagadas bajo protesta.''

La cuestión legal presentada por este señalamiento ha sido resuelta de plano por este tribunal en el caso de *Plaza Provision Company* v. *Benítez Castaño,* 51 D.P.R. 657. En dicho caso resolvimos definitivamente que el remedio del pago bajo protesta provisto por la sección 32 (*a*) de la ley aplicable a este caso (Ley Núm. 99 de 1931) no era el adecuado, puesto que el mismo no proveía el pago de intereses sobre las contribuciones ilegalmente cobradas por un municipio.

■ El último error señalado ataca la resolución de la corte inferior al efecto de que las bombas de gasolina formaban un elemento esencial e indispensable del negocio de venta y distribución de gasolina. Una vez más el alegato de los apelantes se basa exclusivamente en parte de la opinión del Juez Asociado Sr. Córdova Dávila, emitida en el caso tantas veces citado. En lo que a esta proposición se refiere y aunque este tribunal no tuvo intención de pasar finalmente sobre su suficiencia al tiempo de emitir su opinión anterior, podría decirse que descansamos algo en el hecho de que la peticionaria misma alegó originalmente que una de las razo-

nes por las cuales las ordenanzas eran inconstitucionales fué que hacen un discrimen entre los traficantes que vendían gasolina a través de bombas y aquéllos que no utilizaban tales artefactos.

Ahora estamos en mejor posición para resolver la cuestión y convenimos con la corte inferior en que el uso por la peticionaria de bombas de gasolina para la venta al detall de gasolina y aceite directamente al consumidor es un elemento esencial de tal transacción. Irrespectivamente de lo que dijimos por vía de discusión en nuestra opinión anterior, creemos que la peticionaria no podría explotar con éxito hoy en día su negocio de venta de gasolina al detall sin valerse de tales bombas.

Los apelantes no han levantado cuestión alguna en torno a la aplicación correcta de la jurisprudencia citada por la corte inferior, y el examen de la misma nos ha convencido de que esas ordenanzas están en realidad sujetas, bien a la objeción constitucional de que violan el principio contrario a la doble imposición de contribución, o de que caen dentro de la regla de que un municipio no tiene facultad para imponer una contribución, como aquí, que puede considerarse que ha sido ya cubierta por la patente municipal o por una de las contribuciones insulares. *Successors of Fantauzzi v. Municipal Assembly of Arroyo*, 295 F. 803, 268 U. S. 699; *Cami v. Central Victoria, Ltd.*, 268 U. S. 469 y *Fajardo Development Co. v. Camacho*, 35 D.P.R. 355.

*La sentencia apelada debe ser confirmada.*