Esso Standard Oil Co. (P. R.) y Texaco (Puerto Rico) Inc., peticionarias, *v.* Capital de Puerto Rico, Felisa Rincón de Gautier, como su Administradora, y José A. Berrocal, como su Tesorero, demandados.

Núm. 12339.
*Sometido:* 5 de noviembre de 1957. *Resuelto:* 18 de noviembre de 1957.

*Beverley, Castro & López Baralt, José Carbia Miranda* y *R. Rodríguez Lebrón,* abogados de las peticionarias; *Alberto Picó,* abogado de los demandados.

PER CURIAM: Se trata de una solicitud de *injunction pendente lite* para impedir el cobro de ciertas contribuciones que impuso el Gobierno de la Capital por concepto de patente municipal para el año 1956-57. Las peticionarias alegan que dicha imposición es nula e ilegal y que el remedio previsto por el art. 32(a) de la Ley núm. 99 de 1931 (21 L.P.R.A. sec. 465) resulta inadecuado porque no dispone que deberán pagarse intereses sobre las contribuciones pagadas bajo protesta en caso de que el tribunal ordene su devolución. Por su parte los demandados niegan que el referido remedio sea inadecuado ya que, de tener éxito la acción de reintegro, las peticionarias tendrían derecho al pago de intereses legales desde la fecha del pago bajo protesta. Además alegan que no procede la expedición de un *injunction* para impedir el cobro de contribuciones impuestas por el Gobierno de la Capital a tenor de lo dispuesto en el art. 678 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 3524) y en el art. 32(a) de la Ley núm. 99 antes citada.

A nuestro juicio siempre que se ordene un reintegro o devolución de contribuciones pagadas bajo protesta al Gobierno de la Capital, de conformidad con el procedimiento establecido en el art. 32(a) de la Ley núm. 99 de 1931 (21 L.P.R.A. sec. 465), el tribunal debe conceder intereses legales al demandante sobre el importe de las contribuciones desde la fecha de su pago. Idéntica doctrina hemos establecido bajo la sec. 14 de la Ley núm. 26 de 1914 (21 L.P.R.A. sec. 634) respecto a los demás municipios. Véanse *The Shell Co. (P. R.) Ltd.* v. *Báez,* y *Esso Standard Oil Co. (P. R.)* v. *Báez,* ambos resueltos *per curiam* el 12 de diciembre de 1956.

Por tanto, es obvio que las peticionarias tienen un remedio adecuado en ley y eso basta para denegar la presente solicitud de *injunction* en auxilio de nuestra jurisdicción apelativa, sin considerar aquí las demás cuestiones suscitadas por los demandados. Por supuesto, queda revocada así la regla sobre intereses que erróneamente se aplicó en *West India Oil Co.* v. *Benítez*, 51 D.P.R. 273 (1937); *Plaza Provision Co., Inc.* v. *Benítez*, 51 D.P.R. 657 (1937); *West India Oil Co.* v. *De Castro*, 54 D.P.R. 380 (1939) y *Andréu, Aguilar & Co.* v. *Benítez*, 56 D.P.R. 580 (1940).

Debe declararse sin lugar la solicitud de *injunction pendente lite*.

El Juez Presidente Sr. Sifre no intervino.